## FREDERICK & BALTIMORE TRANSPORTATION COMPANY *v.* SADYE B. MUMFORD.

[No. 28, October Term, 1927.]

*Decided December 8th, 1927.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*William J. Odgen* and *William Mellin Ballou,* for the appellant.

*Samuel K. Dennis,* with whom was *Gerald Washington Hill* on the brief, for the appellee.

URNER, J., delivered the opinion of the Court.

The only exception in the record on this appeal relates to the refusal of the trial court to instruct the jury that the evidence in the case was not legally sufficient to entitle the

plaintiff to recover. The suit was for injuries received by the plaintiff when an automobile in which she was riding as a guest ran against the rear end of the defendant's truck as it stood at night on Frederick Avenue between Hilton and Beechwood Avenues in Catonsville. It was alleged in the declaration that the truck was negligently parked on the travelled part of the highway without a rear light being displayed, as required by law, though the night was dark and rain was falling, and that the collision occurred as a result of such negligence while the plaintiff was exercising due care.

The undisputed facts are that the defendant's truck was on its way from Baltimore to Frederick on the night of the accident, when the driver, who had been on duty continuously since three o'clock in the morning, parked the truck on the right side of the highway in order to go to sleep, and that the automobile carrying the plaintiff and driven by her cousin approached the truck from the rear, and as the car was suddenly turned to the left, in an effort to avert a collision, it struck the corner of the lowered end-gate of the truck, and also collided with a car passing from the opposite direction. There is a conflict in the evidence as to how long the truck had been parked and its rear light had been extinguished before the accident. It was testified by the driver of the truck that, as soon as he stopped it, a boy who was riding with him was sent to examine the lantern which furnished the rear light, and upon his reporting that it was out, he was given some matches and had just relighted the lantern when the accident happened. This testimony of the truck driver was corroborated by the boy to whom he referred, and by another boy who was with them on the trip. Witnesses for the plaintiff, however, testified to facts from which it could be inferred that the defendant's truck was standing on the highway for a half hour before the collision, and at the time it occurred, without displaying a rear light. If the jury believed the testimony to that effect, there was legally sufficient ground for their conclusion that the charge of negligence had been sustained. The place chosen for the parking of the truck was on a much used thoroughfare, on a

portion of which the tracks of an electric railway were located. The truck stood within a few feet of the rails, which were above the level of the street surface. Nearly a third of the improved width of the driveway appears to have been occupied by the truck. The darkness and weather conditions made it necessary for the safety of westbound traffic that the rear of the truck should be lighted, as the law requires. An inference of negligence could readily be drawn from the evidence tending to prove that the truck was allowed to remain for a half hour without a rear light in the dangerous position described.

The main contention of the defendant is that the proximate cause of the accident was not the absence of a rear light from the truck, but negligence in the operation of the colliding automobile. It was argued that the truck would have been seen by the driver of the car in time to avoid the collision if he had exercised the proper degree of care and vigilance. The headlights of the automobile are said to have made the truck visible for a distance within which the car could have been stopped or turned for passing in safety. It is also asserted that the electric lights at the street intersections, midway between which the truck was parked, were sufficient to make its presence apparent to an ordinarily watchful driver. But as against these suggestions the plaintiff relies on proof that the driver of the automobile was prevented from seeing the truck by the fog and mist and the dazzling headlights of a car passing the truck from the opposite direction, that the automobile carrying the plaintiff was being driven at a moderate speed, and that she had no control over its operation and did not see the truck until the moment of the impact. Under such conditions an inference of contributory negligence is not legally necessary. The most favorable view of the evidence from the standpoint of the defense would not justify a ruling that contributory negligence, either of the driver or the passenger, had been conclusively proved. The issue could not properly be taken from the jury, unless no other rational inference could be drawn from the testimony than that, in the exercise of due

care, the driver of the automobile should have seen the unlighted truck and avoided the accident, in spite of the effect upon his vision caused by the fog and the headlights of the passing car, or unless the ability and duty of the plaintiff, under the circumstances, to see the car, and warn the automobile driver of its presence, must be held to be so clear that normal judgments would not differ on the subject. The evidence in the record does not require either of those conclusions. At the request of the defendant, instructions were granted which submitted its theory that negligence of the plaintiff or the driver of the automobile was the proximate cause of the accident, but the prayers to withdraw the case from the jury were rightly refused.

*Judgment affirmed, with costs.*