## FLOYD MILES *v.* JEFFERSON WEBB.

[No. 44, January Term, 1932.]

*Decided April 7th, 1932.*

The cause was argued before Bond, C. J., Urner, Adkins, Offutt, Digges, Parke, and Sloan, JJ.

*James A. McAllister, William G. Kerbin* and *Staton, Whaley & Price,* submitting on brief, for the appellant.

*George H. Myers,* for the appellee.

ADKINS, J., delivered the opinion of the Court.

The plaintiff was injured as the result of a collision between his automobile and the truck of defendant. The truck was left by defendant's employee standing in the public road leading from Crisfield to Hopewell in Somerset County about 7.15 P. M. on September 12th, 1930, without a rear light. A *concessum* in the case is that on that day the sun set at 6.12 P. M. The plaintiff's account of the accident is that, as he rounded a corner in the road known as Mariner's corner, he saw some lights coming down the road. "I kept my eyes on them until about the time I got to the truck and the lights blinded me and right after he (the driver of the car with the blinding lights) passed, the truck was so close on me I could not avoid the accident. I turned the wheels to the left trying to get out of it, but it was just too close and the rear end of the truck hit my body on the right-hand side, crashing her in and throwing me out in the road." He further testified that his car was lighted; that, when the car he met had passed, he was about ninety feet from the truck; but by the time his vision cleared he was about forty feet away; that his rate of speed was between thirty and forty miles an hour; that he was not driving very fast because he had slowed down at the corner; that his brakes were in good condition; that it was "pretty dark, may be a little redness in the west." One or more other witnesses testified that it was dark. It is conceded that the only lights on the truck were two small lights in front which were not reflected in the rear.

This appeal is from the judgment on a verdict in favor of the plaintiff.

The only exception to rulings on evidence was abandoned, so we are only concerned with the ruling on the prayers. Plaintiff's two prayers were granted and six of the defendant's. Plaintiff's second was a damage prayer, to which no

objection was urged in argument and to which none could be taken, if there was any evidence to take the case to the jury. His first prayer instructed the jury that under the laws of Maryland every vehicle at rest on a public highway during the period from half hour after sunset to half hour before sunrise is required to display a light visible from the rear of said vehicle; and that, if the jury should find from the evidence that defendant's employees left the truck standing on the highway on the day of the accident at a time later than half an hour after sunset, without displaying a light on said truck visible from the rear thereof, such failure to display said light constituted negligence on the part of the defendant.

Section 540 of article 27 of the Code, on which the prayer is based, in our opinion, has no reference to motor vehicles. It is a codification of sections 1 and 2, chapter 53 of the Acts of 1918. Therein it is expressly provided: "That nothing contained in this Act shall be construed as altering or affecting the obligation of the users of motor vehicles to display the lights required by the laws of this state relating to motor vehicles." (Section 3.) This act was approved on April 2nd, 1918. Five days earlier, on March 28th, 1918, there was approved a general motor vehicle law, designated as chapter 85 (Acts 1918), section 148 (3) of which provides as follows: "All motor vehicles in use on the public highways, excepting motorcycles, shall during the period of from one-half hour after sunset to one-half hour before sunrise, display two or more white or tinted lights, other than red, on the forward part of said vehicles, so placed as to be seen from the front, and of sufficient illuminating power to be visible at a distance of two hundred (200) feet in the direction in which displayed, and to reveal any person, vehicle or substantial object twenty-five feet ahead of the lamps, except when at rest it shall display at least one light, showing white to the front and red to the rear, carried to the left of the motor vehicle, visible from both front and rear for a distance of not less than two hundred feet. * * *" In the same subsection the requirements for motorcycles are set out. This section was repealed and re-enacted with amendments

by chapter 506 of the Acts of 1920, and the latter by chapter 520 of the Acts of 1927, which last amendment is codified in the 1929 supplement of the Code as article 56, section 193, subsection (3) and (e), as follows:

"(3) Lights. Every vehicle, including motor vehicles and horse drawn vehicles, operated or driven on the public highways of the State, at any time when there is not sufficient daylight to render clearly discernible a person, vehicle or other substantial object on the highway at a distance of two hundred (200) feet ahead, shall be provided with lights, as hereinafter provided of sufficient power and so adjusted and operated as to enable the operator or driver to proceed with safety to himself and other users of the highways under all conditions of light, road and weather, provided, however, that the following classes of vehicle shall display under the above conditions not less than the lights next specified, to wit: * * *

"(e) Standing motor vehicles, including all the above, at least one white or tinted light, other than red, visible to the front for a distance of 200 feet, and red to the rear visible for a similar distance carried on the left of such vehicle."

The result is that the light requirements no longer relate to the setting and rising of the sun, arbitrarily, but to the actual conditions of light and weather.

It follows that there was error in granting plaintiff's first prayer, and, as there was a conflict in the testimony as to the actual condition of light, the error was prejudicial. It remains to consider defendant's two rejected prayers, both asking for a directed verdict; one on the ground of lack of evidence legally sufficient, and the other on the ground of contributory negligence.

It being conceded that there was no light on the car visible from the rear, and there being evidence that it was dark, this, together with other testimony of plaintiff, made out a *prima facie* case. The mere fact that the testimony of plaintiff in certain particulars was at variance with that given by him at a former trial of the case was not sufficient to justify this court in disregarding his testimony in considering the demurrer prayer. It was for the jury to pass on his credi-

bility in view of these discrepancies. *Porter v. Greenbrier Quarry Co.,* 161 Md. 34, 155 A. 428. This is not in conflict with what was said in *Slacum v. Jolley,* 153 Md. 343, 351, 138 A. 244. The court was there referring to the opinion of a medical witness as to the cause of death of plaintiff's decedent. The witness undertook in one breath to give the cause, and in the next said he did not know what was the matter with him. Such testimony, of course, was without probative force. There was no error in refusing the demurrer prayer.

The correctness of the ruling on the prayer for a directed verdict on the ground of contributory negligence depends upon whether plaintiff was negligent as a matter of law in driving at a speed of between thirty and forty miles an hour at night, when a car with lights which affected his vision was approaching. We have not been referred to any decision or other authority to that effect. In the present state of the law, we think it was a question for the jury to determine, and it was submitted to the jury with instructions as favorable to the defendant as he could have desired.

For a case where the facts are somewhat similar to those in the present case, see *Frederick & Baltimore Transportation Co. v. Mumford,* 154 Md. 8, 139 A. 541. The cases of *Mears v. McElfish,* 139 Md. 81, 114 A. 701, and *Williams v. State,* 161 Md. 39, 155 A. 339, go no further than to hold that the failure of a driver to stop or slow down when his vision is affected by the lights of an approaching car is evidence of negligence to go to the jury.

As the case will have to be remanded, it is unnecessary to consider the exception reserved to the refusal of the court to declare a mistrial on the objection of appellant to a remark of counsel for plaintiff in his address to the jury. For the error in granting plaintiff's first prayer, the judgment must be reversed.

*Judgment reversed, and new trial awarded, with costs to appellant.*