## MILLER *v.* MULLENIX

[No. 73, September Term, 1961.]

*Decided December 15, 1961.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and SYBERT, JJ.

*Leo H. Miller* and *Edwin H. Miller,* with whom were *Charles C. Grice* and *Miller & Miller* on the brief, for the appellant.

*Ernest V. Wachs* for the appellee.

SYBERT, J., delivered the opinion of the Court.

On a dark, dry evening the appellee, Gerald H. Mullenix (plaintiff below), was operating his motorcycle behind two automobiles proceeding south at about 15 miles per hour on Virginia Avenue, a 2-lane highway, near Hagerstown, approaching an intersection with Decker Avenue. Appellant, Beverly Louise Miller (defendant below) was driving the lead automobile. The second car was unidentified. Appellee testified he speeded up to 30 miles per hour and started to pass the two cars approximately 500 feet from Decker Avenue. In the center of the road at that point there is a solid white line with a broken white line paralleling it on the southbound side, permitting vehicles in the southbound lane to cross into the northbound lane in order to pass. However, the broken line ends 270 feet from Decker Avenue and two solid white lines continue from that point to the intersection. Appellee said he passed the unidentified car and after blowing his horn began passing appellant's vehicle about 75 feet from the intersection, but when he was near her left rear fender she turned in front of him into Decker Avenue. Despite his efforts a collision occurred resulting in his serious injury.

Appellant maintained she turned on her left directional light approximately 200 feet from the intersection and saw no obstacle in her rear-view mirror. While appellee said he did not

observe appellant's turning signal, one of his witnesses testified he had seen it several car lengths from the intersection. Appellee admitted he did not realize he was approaching the Decker Avenue intersection and was unaware of the double white line, although he lived two city blocks away and travelled the highway every day.

The trial court reserved its ruling on the defendant-appellant's motion for a directed verdict and the jury returned a verdict for the plaintiff-appellee. Appellant's subsequent motion for judgment n.o.v. was denied. In this appeal from the judgment entered against her on the verdict, appellant maintains that the trial court erred in not granting one or the other of her motions on the ground that appellee was guilty of contributory negligence as a matter of law.

The familiar rule to be applied in determining whether the facts justify a holding that the plaintiff was guilty of contributory negligence as a matter of law is that the act so relied on must be distinct, prominent and decisive, and one about which reasonable minds would not differ in declaring it to be negligence. We think the appellee was guilty of contributory negligence as a matter of law because of his violation of two basic rules of the road by driving on the left side of the highway in a proscribed area and by attempting to pass another vehicle within 100 feet of an intersection, and that these acts were prominent and decisive and a direct and proximate cause of his injury. The rules referred to are contained in § 221(b)(2) and (3) of Art. 66½, Code (1957). These two subsections provide, among other things, that no vehicle shall at any time be driven to the left side of the roadway (i) *when approaching within 100 feet of or traversing any intersection,* or (ii) *where a distinctive center line is marked in the roadway directing traffic to keep to the right,* as declared in the sign manual adopted by the State Roads Commission. A double white line, as was present from a point 270 feet before the Decker Avenue intersection, is designated in the manual as a "no passing" zone.

It is undisputed that the appellee violated both of the indicated subsections of § 221. His own testimony that he was about 75 feet from the intersection in the northbound lane

when he began passing the appellant means that he had already been travelling to the left of the double white line for approximately 195 feet and, of course, that he was attempting to pass a vehicle within 100 feet of the intersection when the collision occurred. While ordinarily the mere violation of a rule of the road will not constitute negligence *per se,* it is well established that a driver who fails to comply with the statute "which generally requires drivers of motor vehicles to keep to the right of the center of the roadway, is *prima facie* guilty of negligence where the violation directly and proximately causes a collision resulting in injury, and the burden is then cast upon the driver to overcome the presumption of negligence by showing that he was justified in driving in the center or upon the left half of the road." *Sun Cab Co., Inc. v. Cusick,* 209 Md. 354, 360-361, 121 A. 2d 188 (1956).

We find nothing in the record to excuse appellee's presence on the "wrong" side of the road at the time in question. There is no suggestion that any emergency existed requiring him to drive on the left or to attempt to pass the two cars ahead. His failure to observe the double white line, the nearby intersection and appellant's directional signal does not excuse his violation of the rules of the road. A driver has the duty to act upon actualities, the existence of which would be apparent to anyone in possession of his senses. Cf. *Sears v. B. & O. Railroad,* 219 Md. 118, 148 A. 2d 366 (1959). We must conclude that appellee's actions resulting from obliviousness of the existing conditions were causes directly contributing to the accident, and our view is fortified by the absence of evidence that appellant's left turn created any danger to the unidentified car immediately behind her, which was in proper place on the right side of the road.

The cases relied upon by appellee are distinguishable. *Suman v. Hoffman,* 221 Md. 302, 157 A. 2d 276 (1960), involved a collision between an automobile and a motorcycle under similar circumstances. However, both drivers were sued by a passenger on the motorcycle and found negligent in the trial court. Only the driver of the automobile appealed and this Court recognized the appropriateness of submitting to the jury the question of the negligence of the driver of the automobile,

in the light of conflicting testimony. In *Bernardi v. Roedel,* 225 Md. 17, 168 A. 2d 886 (1961), a refusal to direct a verdict was upheld because of substantial conflict as to whether the plaintiff had violated the statute in regard to giving an appropriate signal before stopping his vehicle. In the case before us appellee admittedly violated two rules of the road, which directly contributed to the happening of the accident. The case of *Smith v. Associated Transport,* 211 Md. 134, 126 A. 2d 584 (1956), dealt with a collision which occurred when defendant turned left suddenly at the entrance to a factory (not an intersection) as plaintiff's driver attempted to pass him. This Court found that plaintiff's driver had not violated any rule of the road in attempting to pass the defendant *at that point.*

We do not reach the question whether appellant was guilty of primary negligence. Where the plaintiff in a suit for personal injury was guilty of contributory negligence, the negligence of the defendant becomes immaterial. *Bearings Serv. Co. v. Balto. Transit Co.,* 197 Md. 1, 77 A. 2d 779 (1951). Hence, the appellant's motion for a directed verdict, or for judgment n.o.v., should have been granted.

*Judgment reversed without a new trial;*
*costs to be paid by appellee.*