VOKROY, ADMINISTRATOR *v.* JOHNSON

[No. 162, September Term, 1963.]

270

*Decided January 8, 1964.*

The cause was argued before HENDERSON, HAMMOND, HORNEY, MARBURY and SYBERT, JJ.

*Earl I. Rosenthal* for the appellant.

*Patrick A. O'Doherty* for the appellee.

MARBURY, J., delivered the opinion of the Court.

This appeal by Frank J. Vokroy, Sr., administrator of the estate of Frank J. Vokroy, Jr., deceased, is the result of the action of the trial court in granting a motion for a directed verdict in favor of the defendant, Donald Eugene Johnson, at the conclusion of the defendant's case. Plaintiff's motions for a new trial and judgment n.o.v. were overruled by the court.

Suit was instituted in the Circuit Court for Anne Arundel County by the plaintiff to recover damages for the injuries and death of Frank J. Vokroy, Jr. The deceased had been standing at or near his stalled automobile when he was struck by a car owned and operated by Johnson, the appellee herein, injuries from which collision were the proximate cause of young Vokroy's death some forty hours later.

In this Court the appellant challenges two of the four grounds asserted by the appellee in his motion for a directed verdict. Stated affirmatively from the appellant's point of view, they are whether Johnson was guilty of primary negligence as a matter of law, and conversely, whether the deceased was guilty of contributory negligence as a matter of law.

The accident occurred on Old Annapolis Boulevard approximately one hundred feet north of its intersection with Mountain Road in Anne Arundel County, on the evening of November 20, 1960. The Boulevard runs generally north and south, accommodating one lane of traffic in either direction. At the place where the accident occurred it is twenty-four feet wide with shoulders of six feet on either side of the paved highway. The deceased, prior to the accident, had been driving southbound and had as passengers Preston Adcock and Frank Williams. The car ran out of gas, and Vokroy pulled off onto the west shoulder and stopped. The left wheels of the car were just barely on the paved road. Obtaining a can of gasoline from a local service station, the deceased returned to the car and he, with Williams' help, began to pour the gas into the tank through a piece of pipe serving as a makeshift funnel.

Moments before the actual impact the three men were engaged in the following activities. Adcock was sitting behind the wheel in order to start the car. He did not see Vokroy after he got into the car, and his first knowledge of the accident was when Williams told him that Vokroy had been hit. Upon concluding the refueling operation, Williams went around the rear of the car from the left side to the right to get into the right front seat of the car. He was almost in the car when he heard a thump and concluded that Vokroy had been hit. The last time he saw Vokroy before the impact, the victim was standing against the left side of the car, facing away from it, getting ready to put the gas can into the trunk of the car.

The plaintiff produced the police officer who investigated the accident and established through him that the initial point of impact with the defendant's automobile was just in front of the right front door at the place where the bottom of the windshield and the radio antenna joined the body of the car.

Of the four witnesses called by the plaintiff who were in a position to testify concerning the accident and the surrounding circumstances, only one was an eyewitness at the actual moment of the impact. That, of course, was the defendant Johnson, available as a witness for the plaintiff by virtue of Code (1957), Article 35, § 9. Unless it was contradicted or discredited, the testimony of the adversary, Johnson, is binding upon the plaintiff, Vokroy, who called him as a witness. *Lehmann v. Johnson,* 218 Md. 343, 146 A. 2d 886.

Johnson testified that on the night of the accident he and his small son were proceeding southbound on Annapolis Boulevard. When they were approximately three hundred feet away, the defendant saw the stalled automobile and brightened his headlights. He saw that the car was parked and that there were men working on it. As he approached he started to veer out into the left lane of the highway to give room "for emergency whatever would happen." When he approached he saw Vokroy standing with a gasoline can in his hand about a foot away from the disabled car facing eastward, looking across the highway. There is some conflict or confusion in the testimony as to the defendant's speed and whether he slowed down, but he was consistent in stating that he was going no faster than thirty to

thirty-five miles per hour in a zone then marked fifty miles per hour. According to Johnson's further testimony, the victim turned or pivoted and walked into the defendant's car as it passed. In that split second the windshield cracked and Johnson gradually brought his car to a halt, thinking at first that the gasoline can had shattered the windshield, but only seconds later he realized that he had struck something or somebody.

The rule by which a determination of whether the facts justify holding that the plaintiff's decedent was guilty of contributory negligence as a matter of law is generally stated that the act so relied on must be distinct, prominent and decisive, and one about which reasonable minds would not differ in declaring it to be negligent. *Miller v. Mullenix,* 227 Md. 229, 176 A. 2d 203. We think that reasonable minds would unite in inferring from the evidence produced in the instant case that Vokroy was guilty of contributory negligence, and therefore the question was properly resolved by the court in the defendant's favor.

The circumstances of the accident made it necessary for the plaintiff to call his adversary as a witness and rely heavily upon his testimony. That evidence is uncontradicted in the portion concerning the victim's movement into the defendant's car. Also we think that this was corroborated to some extent by the fact that the impact was not with the extreme front of Johnson's car, but on the hood and fender area near the windshield. Certainly this gives credence to the defendant's testimony that as he was passing, Vokroy left his place of safety and moved into the path of the defendant's passing automobile. A motorist who has stopped his car on the highway and is making repairs on it is obligated to use due caution for his own personal safety. 2A Blashfield, *Cyclopedia of Automobile Law and Practice,* § 1198. See also 7 Am. Jur. 2d, *Automobiles and Highway Traffic,* § 381; 61 C.J.S., *Motor Vehicles,* § 476 b. Vokroy knew, or should have realized, he was at best in a dangerous position standing at his car, as he was, on the highway. His knowledge of the presence of an approaching car, with the lights shining, was as great or greater than Johnson's knowledge of the location and details concerning the stalled car and the attendant people cloaked in the darkness.

This Court has often held it to be contributory negligence

as a matter of law for a pedestrian to leave a place of safety for a position of peril between street crossings, thereby contesting the right of way of vehicular traffic then in the street. *Leonard v. Hanson,* 225 Md. 76, 169 A. 2d 459; *Campbell v. Jenifer,* 222 Md. 106, 111, 159 A. 2d 353, and cases there cited.

Regardless of whether the defendant's actions were below the legal standard of care and thus constituted primary negligence, nevertheless the plaintiff can not prevail unless the deceased was himself not guilty of contributory negligence. (For our judicial definition of that standard of care see *Sanders v. Williams,* 209 Md. 149, 152, 120 A. 2d 397.) If Vokroy was contributorially negligent, the primary negligence of the defendant was immaterial. *Miller v. Mullenix, supra; Bearings Serv. Co. v. Balto. Transit Co.,* 197 Md. 1, 77 A. 2d 779. Having concluded that he was guilty of contributory negligence as a matter of law, we need not determine the question of whether appellee was guilty of primary negligence.

*Judgment affirmed. Costs to be paid by appellant.*