HARRY H. MILLER *v.* LAURA M. MICHALEK
AND FRANK C. MICHALEK

[No. 616, September Term, 1970.]

*Decided August 30, 1971.*

The cause was argued before MURPHY, C. J., and MORTON, ORTH, THOMPSON, MOYLAN, CARTER and GILBERT, JJ.

*John A. Buchanan* and *Charles E. Channing, Jr.*, with whom were *Sasscer, Clagett, Channing & Bucher* on the brief, for appellant.

*Richard J. Clark* and *Edward S. Digges* for appellees.

ORTH, J., delivered the opinion of the Court.

Harry H. Miller seeks to have us set aside two judgments entered against him upon verdicts of a jury in the Circuit Court for Calvert County,[1] one in favor of Laura M. Michalek in the amount of $30,000 and the other in favor of Frank C. Michalek, her husband, in the amount of $10,000. Miller does not contest that his negligence was the primary cause of the injury to Mrs. Michalek but he urges that the evidence showed as a matter of law that she assumed the risk of her injury or was herself guilty of negligence contributing to the cause of it. Therefore, he claims, the lower court committed prejudicial error in the denial of his motion for a directed verdict, Maryland Rule 552, or his motion for judgment n.o.v., Rule 563. The trial court is governed by the same considerations in determining a motion for a directed verdict as it is in determining a motion for judgment n.o.v. *Wheeler v. Katzoff*, 242 Md. 431, 435.[2] It "must assume the truth of all credible evidence on that issue and of all inferences fairly deducible therefrom, and consider them in the light most favorable to the party against whom the motion is made * * *." *Buchanan v. Galliher and Harless*, 11 Md. App. 83, 87-88. "If

1. This action in tort was brought in the Circuit Court for Prince George's County but tried upon removal in the Circuit Court for Calvert County, Rule 542 a.

2. And it has been held that when a trial judge reserves his ruling on a motion for a directed verdict and submits the case to the jury, the motion becomes one for a judgment n.o.v. under Rule 563. *Morris v. Williams*, 258 Md. 625, 627.

there is any competent evidence, however slight, leading to support the plaintiff's right to recover, the case should be submitted to the jury," and a motion for judgment n.o.v. denied. *Belleson v. Klohr*, 257 Md. 642, 646.

*The Facts*

The pertinent evidence was substantially uncontradicted and uncontroverted. While Laura M. Michalek was driving on the Washington Beltway her car stopped due to mechanical failure. It came to rest in the left or "fast" lane next to the median strip. The left lane at that point was the equivalent of two lanes in width so that the Beltway on that side consisted of a right lane, a middle lane and a left lane wide enough to accommodate two cars. It was raining hard, "a torrent", and traffic was very heavy. When her car stopped the parking lights were on. Leaving them on she activated the left turn indicator signal. She got out of the car and went to the median strip, a place of relative safety. Two cars approaching in the left lane passed her car in that widened lane despite the traffic in the other two lanes on the right. She stood in the median strip for a while. She had read an article counselling that "if you break down on the highway to make sure your lights are on, your blinker going and if possible to raise your hood, that makes the car more readily seen." The first two had been accomplished so she decided to take steps to raise the hood. To do so she had to leave the median strip and proceed into the left lane to the front of her car. She was concerned about cars coming up and hitting her car—"I was—you know, I was leary about it." While attempting to raise the hood of her car she saw the lights of an approaching car. She could not make up her mind at first whether to stay where she was or go back on the median strip. Feeling that the driver of the approaching car would see her car and stop or pass by as had the other two cars, she started to back away from the front of her car. The approaching car struck her car and drove it into her causing her to be injured.

*Contributory Negligence*

"Contributory negligence is the doing of, or omitting to do, some act or thing which a reasonably careful and prudent person would not have done or omitted to do under the circumstances, and which, concurring and co-operating with the negligent act of defendant, thereby becomes the real, efficient and proximate cause of the injury." 2 Blashfield, *Automobile Law and Practice*, 3rd Ed., § 101.6, p. 20.[3] Like primary negligence, contributory negligence is relative and not absolute, and being relative, necessarily depends on the particular circumstances of each case. *Yockel v. Gerstadt*, 154 Md. 188, 189. However, it has been repeatedly and uniformly held that to constitute contributory negligence as a matter of law "the negligent act of the plaintiff relied on must be prominent, decisive, and one about which ordinary minds would not differ in declaring it to be negligence. The act must present such features of negligence as to leave no opportunity for difference of opinion in the minds of ordinarily prudent men as to its imprudence." Id. at 189. Comparable language was used in *Miller v. Mullenix*, 227 Md. 229, 232 without citation of authority, and in *Vokroy, Adm. v. Johnson*, 233 Md. 269, 273, citing *Miller*. "The standard of care to be used in measuring contributory negligence is the conduct of an ordinarily prudent person under the same or similar circumstances, and not that of a very cautious person, and even if the doing of what was done turns out to have been an error of judgment, this of itself does not make the act negligent if an ordinarily prudent person would have made what

---

**3.** Blashfield concludes that contributory negligence is simply negligence, and is measured by the same tests as primary negligence, § 101.6, p. 21. However, Prosser, *Law of Torts*, 3rd Ed., does not agree. He points out that negligence is conduct which creates an undue risk of harm to others; contributory negligence is conduct which involves an undue risk of harm to the actor himself. Negligence requires a duty, an obligation of conduct to another person; contributory negligence involves no duty as such. "Nevertheless, and largely because of the long-continued process of setting one over against the other, contributory negligence, in general, is determined and governed by the same tests and rules as the negligence of the defendant." § 64, pp. 428-429.

proves to have been the same error." *Sanders v. Williams,* 209 Md. 149, 153.

Miller does not appear to attribute negligence to Mrs. Michalek because of the position of her car on the highway. On the evidence it stopped when and where it did through no fault of her. We think it was a disabled vehicle within the contemplation of Code, Art. 66½, § 244 (b) and thus not under the proscriptions of § 244 (a). See *Williamson Lines v. Benjamin,* 244 Md. 1, 9-10. The question is whether she was negligent in leaving the median strip and proceeding to the front of her car to raise the hood or in remaining there instead of returning to the median strip when she saw the lights of Miller's approaching car. Ordinarily the law places upon one the duty of exercising reasonable care for his own protection. "This principle has been applied where one leaves a place of safety to venture into a place or posture of danger, and is harmed; in such cases, the venturesome one often has been held to be guilty of contributory negligence as a matter of law. * * * Conversely, where one who remains in a place of danger with time and the physical ability to leave, and is harmed, the courts have often held such failure to act to be contributory negligence as a matter of law." *Martin v. Sweeney,* 207 Md. 543, 548, citations omitted. See 2 Blashfield, *Automobile Law and Practice,* 3rd Ed., § 101.9, p. 27. But there may be circumstances out of the ordinary.

> "Under what is commonly referred to as the 'rescue doctrine', conduct which is so dangerous that it would ordinarily preclude recovery on the ground of contributory negligence or assumption of risk is regarded as justified and as not barring recovery where the dangerous conduct is undertaken in an attempt to save others from imminent danger of personal injury or death. The law is indulgent to the rescuer if, in the emergency, he fails to use the same judgment and adopt the same measures for his pro-

tection which he might have if the opportunity were given him for calm deliberation; but it has been held that a rescuer is to be held to the standard of reasonable care under the circumstances. In order to invoke the rescue doctrine it is not essential that the effort should be to save the life of some particular and definite person." Id., § 102.36, pp. 223-224.

We cannot say that the conduct of Mrs. Michalek presented such features of negligence as to leave no opportunity of difference of opinion in the minds of ordinarily prudent men as to its imprudence. It may be that she erred in her judgment but we think it was for the jury to determine that an ordinarily prudent person would not have made the same error so as to make her act negligent. We feel it was for the jury to consider whether the median strip was a place of safety and whether her leaving it to venture into a place of danger was in accord with reasonable care under the circumstances, and whether or not her conduct was justified under the rescue doctrine. Likewise it was for the jury to say whether or not she had time to leave a place of danger when she saw the lights of the approaching car and whether what she then did was what an ordinarily prudent person would have done under similar circumstances. In short, considering the evidence and all logical and reasonable inferences deducible therefrom in the light most favorable to Mrs. Michalek, we are unable to say that the facts and circumstances were such as to permit of only one inference with regard to any negligence of her contributing to the accident. See *Pinchbeck v. Balto. Tank Lines, Inc.*, 258 Md. 211, 217, quoting *Plitt v. Greenberg*, 242 Md. 359, 367-368. If more than one inference can be drawn from facts in respect of the issue of contributory negligence, it must be submitted to the jury. *Tie Bar, Inc. v. Shartzer*, 249 Md. 711, 716. And we observe that "[t]here may also be a jury question, even where negligence seems fairly clear, 'when facts permit a finding

that the injured party's conduct had its basis in a reasonable expectation.' " *Kasten Constr. Co. v. Evans,* 260 Md. 536, 542, citing *Bennett v. District Heights Apts., Inc.,* 252 Md. 655, 659 quoting from 1 Shearman and Redfield, *Negligence,* § 121 (rev. ed. 1941). Recognizing the proposition that "[i]t is a fundamental principle of negligence law that a person must use his Providence-given sense to avoid injury to himself", *Southern Maryland Electric Cooperative, Inc. v. Blanchard,* 239 Md. 481, *Lehman v. Baltimore Transit Company,* 227 Md. 537, we believe in the circumstances here it was for the jury to say whether or not Mrs. Michalek did so.[4]

Within the frame of reference of contributory negligence we hold that the lower court did not err in denying Miller's motion for a directed verdict and his motion for judgment n.o.v.

*Assumption of Risk*

The Court of Appeals was presented with a contention of assumption of risk as a matter of law in *Kasten Constr. Co. v. Evans, supra,* (1971). Observing that in dealing with the point "one must be mindful of the applicable and now familiar principles of law", it found need to go no further in that regard than *Gibson v. Bea-*

---

4. Miller submitted a memorandum of law to the lower court in support of his motion for a directed verdict and adopted it as to his motion for judgment n.o.v. It relied on four cases dealing with contributory negligence. In *Martin v. Sweeney, supra,* and *Vokroy, Adm. v. Johnson, supra,* the trial court directed a verdict because the plaintiff was guilty of contributory negligence as a matter of law. In *Greer v. King,* 247 Md. 577, the trial court granted a motion for judgment n.o.v. for like reason. In each the judgment was affirmed on appeal. In *Witriol v. Pfueller,* 247 Md. 177 the issue was contributory negligence *vel non,* held to be properly for the jury. The Court of Appeals discussed *Vokroy* and *Greer* in *Belleson v. Klohr, supra.* It characterized *Vokroy* as "simply another in a long series of cases where we have held that a pedestrian crossing a public highway, at least in darkness, is required in the exercise of due care to look for approaching traffic, and to heed what he sees." 257 Md. at 647. Viewing *Greer* as "somewhat anomalous", it was convinced that "in the light of other Maryland authorities [it] must be limited to its special facts." At 648. *Martin* is distinguishable by the absence of any facts which could conceivably invoke the rescue doctrine, the plaintiff simply electing to remain in a place of danger.

*ver,* 245 Md. 418. It quoted at page 544 of 260 Md. what was said in *Gibson* at page 421:

> " 'When the plaintiff enters voluntarily into a relation or situation involving obvious danger, he may be taken to assume the risk, and to relieve the defendant of responsibility. Such implied assumption of risk requires knowledge and appreciation of the risk, and a voluntary choice to encounter it.' Prosser, *Torts,* § 55, p. 303 (2d Ed. 1955)." See *Rogers v. Frush,* 257 Md. 233, 243-244.

We assume for the purpose of decision that the defense assumption of risk was applicable to the case before us [5] and that the issue raised by it was preserved for review on appeal.[6]

It is settled that the question of assumption of risk is usually for the jury. Prosser, *Torts,* 3rd Ed., § 67, pp. 453-454, emphasizes that "assumption of risk is a jury

---

5. Prosser, *Torts,* § 67, pp. 450-451 (3rd Ed.) classifies the cases in which assumption of risk has been recognized into three broad basic types of situations: (1) the plaintiff in advance has expressly given his consent to relieve the defendant of an obligation of conduct toward him, and to take his chances of injury from a known risk arising from what the defendant is to do or to leave undone; (2) the plaintiff with knowledge of the risk, voluntarily enters into some relation with the defendant which will necessarily involve that risk and so is regarded as tacitly or impliedly agreeing to take his own chances; (3) the plaintiff, aware of a risk already created by the negligence of the defendant, proceeds voluntarily to encounter it.

6. A memorandum of law submitted by Miller on the motion for a directed verdict alleged that Mrs. Michalek's conduct constituted "contributory negligence or assumption of the risk, or both as a matter of law" but the four cases cited in support were decided on contributory negligence and did not involve assumption of risk. The instructions to the jury dealt at length with the law pertaining to contributory negligence; no portion of the charge dealt with the doctrine of assumption of risk. There was no objection to the omission or failure to instruct on assumption of risk. Rule 554 d 1. The motion for judgment n.o.v. gave the usual grounds therefor; it made no specific mention of the doctrine of assumption of risk. As a memorandum of points and authorities for the motion for judgment n.o.v. it adopted the trial memorandum submitted on the motion for a directed verdict.

question in all but the clearest cases." This is in accord with the Court of Appeals statement in *Kasten,* at 544:

> "We have held also that the doctrine of assumption of risk will not be applied unless the undisputed evidence and all permissible inferences therefrom *clearly* establish that the risk of danger was *fully* known to and *understood* by the plaintiff. *Chalmers v. Willis,* [247 Md. 379]." (Emphasis in original).

Discussing knowledge of the risk and the voluntary choice to assume it, Prosser states, § 67, p. 462: "Since in the ordinary case there is no conclusive evidence against the plaintiff on these issues, they normally go to the jury * * *." *Kasten,* at 544, repeats the quote from Prosser set out in *Gibson v. Beaver, supra,* at 421:

> " '* * * In the usual case, his knowledge and appreciation of the danger will be a question for the jury; but where it is clear that any person of normal intelligence in his position must have understood the danger, the issue must be decided by the court.' " [7]

We think the case before us falls within the category of the usual case in which the issue of assumption of risk is for the jury. In other words the evidence and permissible inferences therefrom, taken in the light most favorable to Mrs. Michalek, did not so clearly establish the existence of a risk to her, the knowledge of the risk by her and her appreciation of the danger, and her voluntary assumption or exposure to it, that the resolution of those matters was to be directed by the court rather than decided by the jury.[8] We have found that the ques-

---

7. This quote is from the second edition of Prosser (1955) § 55, p. 310. The comparable section in the third edition (1964) § 67, p. 464, reads that "the issue *may* be decided by the court." (Emphasis supplied)

8. In denying the motion for a directed verdict the lower court said:

> "We think that the motion must be overruled because

tion of contributory negligence on the part of Mrs. Michalek was for the jury. In the factual posture of this case we think that the defenses of contributory negligence and assumption of risk overlap in both definition and application. There was, of course, no assumption of risk by Mrs. Michalek in the primary sense, by express agreement. Rather the assumption of the risk was in the secondary sense as discussed in *Balto. Co. v. State, Use of Keenan*, 232 Md. 350, 360-361. As such it may be dealt with as a form of contributory negligence or, at the least, the rules of that defense should be applied to it. Prosser, *supra*, § 67, p. 455; 1 Blashfield, *supra*, § 64.1, pp. 535-536. Although Maryland recognizes a distinction between contributory negligence and assumption of risk, the distinction can be exceedingly fine. *Belleson v. Klohr, supra*, at 651. And in *Warner v. Markoe*, 171 Md. 351, 359 the Court observed that the distinction is often difficult to draw in concrete cases and "under the law of this State usually without importance * * *." As in *Belleson* it would seem that in the circumstances consideration of assumption of risk does not add any dimension not considered under the heading of contributory negligence.[9]

---

there is a line of testimony in this case which if the jury believes it, would tend to show the car was disabled and in such a way the traffic could pass by it. Secondly, that the operator took prompt steps to turn on her signal lights and raise the hood as a signal to other motorists it was disabled, before she could have been able to retreat to a safety position, she was struck notwithstanding the fact she had seen a couple vehicles pull out and go by while she was in her car. Accordingly, if the jury believes her testimony and that the Defendant was guilty of primary negligence, failing to see what was to be seen and failing to control his car in such a way not to hit her, the verdict might be for the Plaintiff. For these reasons the motions are overruled."

9. In this jurisdiction the distinction between contributory negligence and assumption of risk appears to have been drawn exceedingly fine indeed. In *Gibson v. Beaver, supra*, at 421, the Court said:

"In determining whether a plaintiff had knowledge and appreciation of the risk, an objective standard must be applied and a plaintiff will not be heard to say that he did not comprehend a risk which must have been obvious to him."

But according to Blashfield it is here that the distinction between

Within the frame of reference of assumption of risk we hold that the lower court did not err in denying Miller's motion for a directed verdict and his motion for a judgment n.o.v. In short, although there would be legally sufficient evidence to support a finding of contributory negligence, or assumption of the risk of injury by Mrs. Michalek, it is not found sufficient to have required the direction of a verdict for Miller on those grounds.

*Judgments affirmed with costs.*

the two defenses lies. He said: "[T]he defense of assumption of risk must be based on subjective knowledge, while contributory negligence may be based on either subjective knowledge (knew), or objective knowledge (ought to have known), since the test is only whether plaintiff acted reasonably under the circumstances." Vol. 1, § 64.3, pp. 540, 541. And see Prosser, § 67, pp. 462-464. If a purely objective standard is applied in each defense Blashfield's distinction between them disappears.