Genevieve M. LONGIE, Mark H. Spears

v.

Judy Diane EXLINE.

Civ. No. S 86–2452.

United States District Court,
D. Maryland.

May 1, 1987.

---

Thomas J. Kwiatkowski, Jr., Glen Burnie, Md., for plaintiffs.

Robert K. Nead, Baltimore, Md., for defendant.

SMALKIN, District Judge.

Now pending in this diversity case is the motion of plaintiffs Genevieve M. Longie (Longie) and Mark H. Spears (Spears) for summary judgment pursuant to Federal Rule of Civil Procedure 56. Defendant Judy Diane Exline (Exline) has responded thereto in a timely fashion. No oral hearing is necessary to decide this matter. Local Rule 6(G), D.Md.

### I.

On the evening of June 9, 1986, plaintiffs and defendant were involved in an automobile/bicycle collision near the intersection of Coastal Highway and 120th Street in Ocean City, Maryland. Defendant, who had been travelling eastbound on 120th Street in a 1986 Chevrolet Cavalier, stopped at the southwest corner on the intersection of 120th Street and Coastal Highway. She then proceeded to make a right-hand turn onto Coastal Highway from the right eastbound lane of 120th Street. (Defendant, in paragraph 3 of her "Summary Of Material Facts As To Which There Exists No Genuine Dispute," misstated some directions, which this Court took the liberty to correct under its powers of judicial notice. FED.R.EVID. 201.) At the same time, plaintiffs were riding a rental tandem bicycle northbound in the right *southbound* bus lane of Coastal Highway, without either a lamp or affixed bell. The aforementioned collision ensued between car and bike, resulting in this diversity lawsuit.

### II.

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted where there is no genuine dispute as to material fact and the moving party is entitled to judgment as a matter of law. The moving party has the burden of showing that there is no genuine dispute as to material fact. *Celotex Corporation v. Catrett,* — U.S. —, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Once the moving party has met this burden, the nonmoving party must set forth specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* — U.S. —, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Adickes v. S.H. Kress & Co.,* 398 U.S. at 160 n. 22, 90 S.Ct. at 1610 n. 22.

In deciding the motion, the Court must view the material facts, and the inferences properly drawn therefrom, in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 106 S.Ct. at 2513; *Adickes v. S.H. Kress & Co.,* 398 U.S. at 158–159, 90 S.Ct. at 1608–1609. Even where there is no dispute as to the basic facts, summary judgment is inappro-

priate, if the parties disagree on the inferences which may be reasonably drawn from the undisputed facts. *Morrison v. Nissan Co. Ltd.*, 601 F.2d 139, 141 (4th Cir.1979). The substantive law, in this case, the law of Maryland, *See Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), identifies which facts, or inferences therefrom, are material and also identifies the standard of proof against which the presence or absence of material factual dispute is to be gauged. *Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. at 2510.

With the above in mind, the Court must apply the appropriate standard for summary judgment to the record in this case. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law," akin to the directed verdict inquiry. *Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. at 2511. This Court notes, under Maryland law, the trial court may pass on and find contributory negligence as a matter of law at the directed verdict stage, *Hynes v. Hutzler Bros. Co.*, 261 Md. 345, 348, 276 A.2d 99, 100 (1971), and, thus, at the summary judgment stage, *Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. at 2511–12, so long as the evidence shows "some prominent and decisive act which directly contributed to the accident which was of such a character as to leave no room for difference of opinion thereon by reasonable minds." *Reiser v. Abramson*, 264 Md. 372, 378, 286 A.2d 91, 93 (1972). The doctrine of assumption of the risk will not be applied, as a matter of law, "unless the undisputed evidence and all permissible inferences therefrom *clearly* establish that the risk of danger was *fully* known and *understood* by the plaintiff." *Kahlenberg v. Goldstein*, 290 Md. 477, 494–95, 431 A.2d 76, 86 (1981), *quoting Kasten Construction Co. v. Evans*, 260 Md. 536, 544, 273 A.2d 90, 94 (1971) (emphasis in original).

### III.

■ Defendant has moved for summary judgment on the basis that plaintiffs were contributorily negligent and/or assumed the risk of injury because they violated three separate statutory prohibitions by operating a rental tandem bicycle northbound in a southbound lane of travel, and without the statutorily mandated lamp or bell. Plaintiffs oppose this motion, essentially contending that summary judgment is inappropriate for two reasons. The first is that, under the Maryland boulevard rule, whether a favored driver loses his statutory preference because he has been contributorily negligent is a question for the jury. Plaintiffs also assert that, before a statutory violation can be considered as evidence of contributory negligence, the jury must determine that it is a proximate cause of the accident. For the purpose of this motion, the Court must assume the primary negligence of defendant.

### A.

Plaintiffs contend that this case falls within the boulevard rule. *Md.Transp. Code Ann.* § 21–403(b) provides the statutory basis for the boulevard rule, stating that, "[i]f the driver of a vehicle approaches a through highway, the driver shall: (1) [s]top at the entrance to the through highway; and (2) [y]ield the right-of-way to any other vehicle approaching on the through highway." The Court of Appeals of Maryland, by Judge Smith, extensively discussed the predecessor of current § 21–403[1] in *Dean v. Redmiles*, 280 Md. 136, 374 A.2d 329 (1977). After noting that the boulevard rule is "intended to expedite the flow of traffic on the boulevard," Judge Smith summarily stated that "the duty of an unfavored driver to stop and yield the right-of-way is mandatory, positive and inflexible." *Dean v. Redmiles*, 280 Md. at 147, 374 A.2d at 335. Judge Smith then explained the natural consequence of the aforementioned duty: "an unfavored driver is liable, being guilty of negligence as a matter of law, in the absence of a showing of contributory negligence on the part of the plaintiff." *Dean v. Redmiles*, 280 Md. at 148, 374 A.2d 336.

1. The predecessor of § 21–403 was *Md.Code* (1957, 1970 Repl. Vol.) Art. 66½, § 11–403(b).

It is thus implicit that "the boulevard rule does not relieve the favored driver from the duty to observe that degree of ordinary care for his safety which is imposed upon reasonable men." *Id.* The Court of Appeals of Maryland has been hesitant, however, "to thwart the purpose of the boulevard rule" by abrogating the statutory preference of the favored driver due to his contributory negligence: "[T]he relative rights of the parties at an intersection are not to be held to depend on nice calculations of speed, time or distance...." *Dean v. Redmiles,* 280 Md. at 150, 374 A.2d at 337. Indeed, even in those rare instances where there is sufficient evidence that excessive speed of the unfavored driver, for example, was the proximate cause of an accident, not the court, but the jury, has made the ultimate determination of liability. Plaintiffs' contention that, under the boulevard rule, contributory negligence of the favored driver is almost always a jury question would be a correct statement of Maryland law, but for the enactment of the "right on red" statute.

### B.

Without explicitly amending the above-discussed boulevard rule, the General Assembly of Maryland, in 1978, enacted *Md. Transp.Code Ann.* § 21–202(i) (1986), commonly referred to as the "right-on-red" statute. Section 21–202(i) provides that:

Unless a sign prohibiting a turn is in place, vehicular traffic facing a steady red signal, after stopping as required by subsection (h)[2] of this section, cautiously may enter the intersection and make a right turn.

No court, to date, has discussed the effect of recently-enacted § 21–202(i) on the boulevard rule. This Court finds it clear, however, that the classical boulevard rule's "mandatory, positive and inflexible" duty of the driver traversing the unfavored highway to stop and yield the right-of-way has been abrogated in those situations where a right-hand turn is permitted at a red signal. It is simply inconsistent to state that a driver has a "mandatory, positive and inflexible" duty to stop and yield right-of-way, but that he may, merely exercising "caution," execute a right-hand turn at a red signal, as allowed by § 21–202(i).

### C.

■ Thus, this Court has determined that, given the applicability of the right-on-red statute, this is not the classic boulevard case in which it is the "mandatory, positive and inflexible duty" of the unfavored driver to stop and yield right-of-way. Cases holding that the question of contributory negligence of a favored driver, under the boulevard rule, must invariably be submitted to the jury, are thus not controlling. Instead, the Court will apply the usual Maryland rule, that in an appropriate case, the question of contributory negligence may be decided as a matter of law. *See* Part II *ante.* This Court is thus faced with this simple question: assuming *arguendo* that defendant was negligent, were plaintiffs contributorily negligent, as a matter of Maryland law, thus entitling defendant to summary judgment?

As mentioned, a Maryland court may find contributory negligence as a matter of law. "The familiar rule to be applied in determining whether the facts justify a holding that the plaintiff was guilty of contributory negligence as a matter of law is that the act so relied on must be distinct, prominent and decisive, and one about which reasonable minds would not differ in declaring it to be negligent." *Miller v. Mullenix,* 227 Md. 229, 232, 176 A.2d 203, 204 (1961). "The Maryland Court of Appeals has repeatedly found that plaintiffs with knowledge of a danger who disdain to follow a safe route in order to encounter a danger *via* a different route are contributorily negligent as a matter of law." *Berzups v. H.G. Smithy Co.,* 22 Md.App. 157, 163, 321 A.2d 801, 804 (1974). The Court of

---

**2.** Subsection (h) states that "[v]ehicular traffic facing a steady red signal alone: (1) Shall stop at the near side of the intersection: (i) [a]t a clearly marked stop line; (ii) [i]f there is no clearly marked stop line, before entering any crosswalk; or (iii) [i]f there is no crosswalk, before entering the intersection; and (2) [e]xcept as provided in subsections (i), (j), and (k) of this section, shall remain stopped until a signal to proceed is shown."

Special Appeals of Maryland explained that "[t]his is in accord with the Restatement (Second) of Torts § 466(a) (1965), which defines as one type of contributory negligence an intentional and unreasonable exposure of himself to danger created by defendant's primary negligence, of which the plaintiff knows or has reason to know." *Berzups v. H.G. Smithy Co.*, 22 Md.App. at 163 n. 1, 321 A.2d at 804 n. 1.[3]

In the instant case, plaintiffs certainly violated two, and may have violated as many as three, applicable rules of the road. Plaintiffs admittedly violated *Md.Transp. Code Ann.* § 21–1205(1) (1977), which provides that a bicyclist "shall ride as near to the right side of the roadway as practicable and safe, except when making or attempting to make a left turn when operating on a one-way street, or when passing a stopped or slower moving vehicle."[4] There could be no clearer violation of this statute than travelling northbound in the southbound bus lane of Coastal Highway. Plaintiffs may have additionally violated § 21–1207(a), which provides that: "[i]f a bicycle is used on a highway at any time when, due to insufficient light or unfavorable atmospheric conditions, persons or vehicles on the highway are not clearly discernible at a distance of 1000 feet, the bicycle shall be equipped (i) on the front, with a lamp ...; and (ii) on the rear, with a red reflector...." The tandem rental bicycle ridden by plaintiffs was not so equipped. There is some suggestion, however, that Coastal Highway is so well-lit that neither lamp nor reflector is required. *See Miles v. Webb*, 162 Md. 269, 272, 159 A. 782, 784 (1932) (Lighting requirements do not relate to the setting and rising of the sun arbitrarily, but to the actual conditions of light and weather). At any rate, plaintiffs also admittedly violated § 21–1207(b) which states that "[a] person may not operate a bicycle unless it is equipped with a bell or other device capable of giving a signal audible for a distance of at least 100 feet."

Violation of a statutory rule of the road, which is a proximate cause of the injuries complained of, establishes a *prima facie* case of contributory negligence. *Ford v. Bradford*, 213 Md. 534, 547, 132 A.2d 488, 492 (1957); *Fisher v. O'Connor's Inc.*, 53 Md.App. 338, 342, 452 A.2d 1313, 1315 (1982). *See also Norris v. Wolfensberger*, 248 Md. 635, 237 A.2d 757 (1968) (Violation of a statute requiring that a left turn be made from the extreme left-hand lane is not negligence *per se* but may create a *prima facie* case of negligence if the violation was a proximate cause of the collision.); *Miles v. Webb*, 162 Md. 269, 272, 159 A. 782, 784 (1932) ("It being conceded that there was no light on the car visible from the rear, and there being evidence that it was dark, this, together with other testimony of plaintiff, made out a *prima facie* case of negligence.") As previously noted, plaintiffs herein violated at least two statutory provisions by riding their bicycle northbound in the southbound bus lane of Coastal Highway without a bell. This Court agrees with defendant's statement that "reasonable minds cannot help but conclude that plaintiffs' operation of their bicycle against the flow of traffic ... was a proximate cause of the collision." Defendant has established a *prima facie* case

---

**3.** In the *Berzups* case itself, a lower court's determination that plaintiff was contributorily negligent as a matter of law, because he admittedly saw ice on a step before him but nonetheless chose to encounter it, was upheld on appeal. The *Berzups* court cited other cases wherein a plaintiff was found contributorily negligent as a matter of law. In *Craig v. Greenbelt Consumer Services, Inc.*, 244 Md. 95, 222 A.2d 836 (1966), the plaintiff was held contributorily negligent as a matter of law where she testified that she observed saw dust on the floor of a supermarket aisle, knew it to be slippery, but walked through it regardless. The Court of Appeals of Maryland succinctly stated that to walk blindly or onlooking in a strange environment when a safe way to walk is available, is to be negligent as a matter of law in a decision captioned *Mershon v. Gino's, Inc.*, 261 Md. 350, 355–356, 276 A.2d 191 (1971), wherein plaintiff tripped over a parking lot bumper which she would have seen had she looked, and an unobstructed path was available.

**4.** Plaintiffs also violated *Md.Transp.Code Ann.* § 21–301, which provides that all vehicles be driven on the right side of the road. Motor vehicle laws as to rules of the road apply to cyclists. *Md.Transp.Code Ann.* § 21–1201; *Billings v. Shaw*, 247 Md. 335, 231 A.2d 12 (1967).

of contributory negligence on plaintiffs' part.

Once a *prima facie* case of negligence is established, the plaintiff must overcome the presumption of negligence by showing some justification. *Miller v. Mullenix,* 227 Md. at 233, 176 A.2d at 204; *Sun Cab Co., Inc. v. Cusick,* 209 Md. 354, 360–61, 121 A.2d 188, 190 (1956). Plaintiffs offer no justification at all for travelling northbound in the southbound bus lane of Coastal Highway. Plaintiffs contend, though, that they were justified in riding the bicycle without a lamp and bell, because it was a rented machine, and, with respect to the lamp in particular, because Coastal Highway is generally (and apparently was at the time of the accident) well-lit. Even if there is sufficient justification for riding the bicycle without a lamp or bell, plaintiffs have not rebutted the *prima facie* case of contributory negligence established by defendant herein, growing out of wrongway travel. Violation of the statutory provision requiring bicyclists to ride "as near to the right of the road way as safe," thereby directly and proximately causing their own injuries, establishes a *prima facie* case of contributory negligence, which has not been justified by plaintiffs. Furthermore, proximate causation is clear here as a matter of law. The reason for requiring right-hand bicycle operation is to have these machines go with, not against, the flow of vehicular traffic. One making a right turn on red is not reasonably chargeable with expecting counter-flowing vehicular traffic in the path of his turn. Likewise, it is clearly foreseeable that a right-turning vehicle would not see an approaching wrongway vehicle in time to avoid a collision. Thus, all elements of contributory negligence are made out here as a matter of law, and defendant is entitled to summary judgment.

For the aforementioned reasons, the motion of defendant for summary judgment will be, by separate order, *granted.*

## IV.

■ Defendant has also moved for summary judgment on the basis that plaintiffs assumed the risk of injury when they rode the rental tandem bicycle northbound in the southbound lane of coastal highway, and that, therefore, plaintiffs cannot recover damages resulting from that risk.

The elements of the defense of assumption of the risk are knowledge and understanding of a danger and intentional and voluntary exposure to the danger. *Benedetto v. Baltimore Gas & Elec. Co.,* 30 Md.App. 171, 175–78, 350 A.2d 712, 714–16 (1976); *Maryland Sales and Serv. Corp. v. Howell,* 19 Md.App. 352, 358–60, 311 A.2d 432, 437 (1973). Knowledge and understanding of plaintiffs may be actual or imputed. *Baltimore County v. State,* 232 Md. 350, 358, 193 A.2d 30, 35 (1963). Plaintiffs "will not be heard to say that [they] did not comprehend a risk which must have been obvious to [them]. *Gibson v. Beaver,* 245 Md. 418, 421, 226 A.2d 273, 275 (1967). Intentional and voluntary exposure to danger constitutes consent "on the part of the plaintiff[s] to relieve defendant of an obligation of conduct toward [them] and to take [their] chances of harm from a particular risk." *Rogers v. Frush,* 257 Md. 233, 243, 262 A.2d 549, 554 (1970).

Plaintiffs here obviously chose to operate their bicycle northbound in the southbound, rather than northbound, lane, thus placing themselves in the precarious situation of riding against the flow of traffic. The danger inherent in this situation should have been apparent. However, the conduct of plaintiffs in riding their bicycle against traffic, even assuming that they knew and appreciated the danger, was not an act by which they relieved defendant of her obligation to operate her vehicle in a careful and prudent manner. *See Rogers v. Frush,* 257 Md. at 244, 262 A.2d at 554. ("The conduct of young Frush in riding a motorcycle without a helmet, even if he had known and appreciated the risk, was not an act by which he relieved Mrs. Rogers of her obligation to operate her vehicle in a careful and prudent manner.")

The motion of defendant for summary judgment, therefore, will be granted on the basis of plaintiffs' contributory negligence,

but not on the basis of assumption of the risk.