549 A.2d 425

**C & P TELEPHONE COMPANY OF MARYLAND**

v.

**Sandra A. SCOTT.**

**No. 107, Sept. Term, 1988.**

Court of Special Appeals of Maryland.

Nov. 3, 1988.

Certiorari Denied Jan. 11, 1989.

Mark I. Cantor, Baltimore, for appellant.

James Lee Katz (Rochlin and Settleman, P.A., on the brief), Baltimore, for appellee.

Argued before MOYLAN, ROBERT M. BELL and WENNER, JJ.

WENNER, Judge.

Upon this appeal from a judgment of the Circuit Court for Montgomery County reversing the action of the Worker's Compensation Commission, we are asked whether there

was legally sufficient evidence of employer estoppel to submit that issue to the jury. We shall answer in the affirmative and affirm the judgment of the circuit court.

On February 15, 1983, appellee, Sandra Scott, while employed by the appellant, C & P Telephone Company, was injured when she fell on appellant's parking lot. Appellee promptly reported the accident to her supervisor, Shirley Palmer, who took her to the hospital. After receiving treatment from the hospital, appellee and Palmer returned to work. In appellee's presence, Palmer called the C & P benefits office and informed them of the incident. When appellee asked Palmer if there was anything she needed to do, if there were any forms that she needed to fill out, Palmer responded that the forms were coming, that she would fill them out, and that everything would be taken care of. In response to a similar inquiry from appellee's mother, Palmer repeated that everything would be taken care of.

Thereafter, and continuing for more than two years, appellant paid appellee's medical bills and lost wages. Having no knowledge of worker's compensation, and relying on her supervisor's assurances that everything would be taken care of, appellee did not immediately file a claim with the Worker's Compensation Commission. Indeed, she did not file a claim until November 1, 1985, twenty-eight months after the Employer's First Report was filed.

Md.Ann.Code, Article 101, Section 39 provides that "failure of an employee to file a claim for compensation within two years from the date of the accident shall constitute a complete bar" to that claim. Where, however, the employee's failure to file a claim "was induced or occasioned by fraud, or by facts and circumstances amounting to an estoppel," the employee has one additional year from the time that the fraud is discovered or the facts and circumstances amounting to an estoppel cease, within which to file a claim. Md.Ann.Code Art. 101, § 39(c).

Appellee does not claim that she was prevented by fraud from filing a claim; instead, she argues that C & P's actions amount to an estoppel, barring it from raising limitations as a defense.

Equitable Estoppel, as that term is used in the Worker's Compensation Act, "is the effect of the voluntary conduct of a party whereby he is absolutely precluded both at law and in equity from asserting rights ... against another person who has in good faith relied upon such conduct and has been led thereby to change his position for the worse." *Patapsco and Back Rivers Railroad Co. v. Davis*, 208 Md. 149, 155, 117 A.2d 566 (1955) (citing *Pomeroy's, Equity Jurisprudence* (5th Ed.), Vol. 3, § 804). Its purpose is "to prevent a party from asserting his rights under a general technical rule of law, where he has so conducted himself that it would be contrary to equity and good conscience for him to allege and prove the truth." *Rody v. Doyle*, 181 Md. 195, 200, 29 A.2d 290 (1942). (Citations omitted.)

It is not necessary that the party's conduct be egregious or have been done intentionally to mislead, however. *Harrison v. McCarty*, 178 Md. 377, 13 A.2d 544 (1940). If the representation is believed, and relied upon as the inducement for action by the party claiming the benefit of estoppel, the estoppel may be asserted. *Patapsco and Back Rivers Railroad Co., supra*, 208 Md. at 156, 117 A.2d 566. And, of course, as the Court said in *Bayshore Industries v. Ziats*, 232 Md. 167, 174, 192 A.2d 487 (1963) "[w]e think the words 'facts and circumstances amounting to an estoppel' as used in § 39 of our Act are not to be interpreted narrowly."

In deciding whether there was sufficient evidence to submit the case *sub judice* to the jury on the issue of estoppel, we must assume the truth of the testimony presented by appellee. *Webb v. Johnson*, 195 Md. 587, 591, 74 A.2d 7 (1950). It is not our duty to decide whether the actions of appellant amounted to an estoppel. Rather, our duty is to determine whether there was sufficient evidence

for the jury to have the opportunity to decide that question. *Patapsco and Back Rivers Railroad Co., supra,* 208 Md. at 152, 117 A.2d 566. In making that determination we are guided by our decision in *Miller v. Michalek,* 13 Md.App. 16, 17–18, 281 A.2d 117, *cert. granted,* 263 Md. 717 (1971), *cert. dismissed,* January 26, 1972, where we said, "If there is any competent evidence, however slight, leading to support the plaintiff's right to recover, the case should be submitted to the jury." (Citation omitted.)

We hold that the evidence in the case before us was sufficient to submit the issue of estoppel to the jury. The unrefuted testimony of appellee establishes that, as we noted earlier, after the accident she inquired as to whether there was anything she needed to do. In response to that query, as we also noted earlier, she was assured by her supervisor that everything would be taken care of and that she need not worry about anything. And, of course, her mother received similar assurances. For more than two years thereafter, C & P paid all of appellee's medical bills, including prescriptions, and compensated her fully for wages lost due to time missed from work.

In our view, the jury could reasonably have found from the evidence before it that the broad statements of appellee's supervisor taken together with C & P's conduct, were such as to induce appellee to believe that all matters relating to a compensation claim would be taken care of. The trial judge was correct in submitting the issue of estoppel to the jury.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANT.