IVAN MORGAN ᴇᴛ ᴀʟ. *v.* METROPOLITAN
FUELS, INC.

\* \* \*

MOVALCO, INC. *v.* METROPOLITAN FUELS, INC.

[No. 732, September Term, 1974.]

*Decided April 8, 1975.*

The cause was argued before ORTH, C. J., and DAVIDSON and LOWE, JJ.

*Albert D. Brault*, with whom were *Brault, Scott & Brault* on the brief, for appellants Ivan Morgan and Harriet Morgan.

*Arthur V. Butler*, with whom were *Thomas R. Pahys* and *Paul D. Murphy* on the brief, for appellant Movalco, Inc.

*J. Joseph Barse* for appellee.

LOWE, J., delivered the opinion of the Court.

The relatively new home of Ivan and Harriet Morgan, appellants, burned to the ground approximately one year after they occupied it. Ivan Morgan, a carpenter by trade, had constructed his home in Potomac, Maryland. Having built other homes he chose to act as his own contractor and let subcontracts for the various phases of the work. Among those subcontractors was Movalco, Inc., which subcontracted for the design and installation of the heating system.

The two furnaces installed were vented by a stack pipe approximately six feet long, about four feet of which paralleled in close proximity the floor joists supporting the first floor den. Although the joists were covered with a basement ceiling composed of sheet rock or gypsum board described as fireproof, testimony indicated that the exhaust vent pipes were within five inches of the floor joists. From a plethora of expert testimony it would be fair to summarize the opinions expressed as agreeing that eighteen inches was the preferred minimum safe distance such exhaust pipes should be located from combustible material unless a heat shield was installed between the pipes and the combustible materials (wood joists in this instance). No such shield was installed. It was further testified that discharged flue gasses in the stack pipe from furnace to chimney, coupled with the room temperature, would fluctuate between 570 and 670

degrees gross temperature which exceeds that necessary to ignite the combustible joists. The lapse of time of approximately one year between installation and the burning of the building was explained as being the length of time necessary for the wood in the floor joists to dry out completely.

Suffice to say that the evidence was ample for a jury to conclude that the fire was caused by the close proximity of the exhaust stack pipes to the combustible wooden floor joists. It is not surprising then that a Montgomery County jury delivered a verdict favorable to the Morgans and against Movalco, Inc. which, after second thoughts, has dismissed its appeal from the judgment rendered on that verdict by Judge Shure of the Circuit Court for Montgomery County. Movalco *has* appealed, however, (as do the Morgans) from a judgment n.o.v. granted by Judge Shure in favor of Movalco's co-defendant below, Metropolitan Fuels, Inc.[1]

Metropolitan had been engaged by Movalco to install the fuel tank, run the oil lines from tank to furnace, make all oil line connections, make all electrical connections, and finally, to start the furnace "to make sure it ran properly." It was admitted on behalf of Metropolitan that "when the employee is there to check out the system and to see if it is running properly, he is to determine if it will run safely so as not to create a fire hazard." The scope of the "duty" owed by Metropolitan to the appellants is the focal point on appeal.

---

1. It is well-established that in considering whether or not it was error for a trial court to grant or deny a motion for directed verdict or motion for judgment n.o.v., a plaintiff is entitled to every favorable inference. In considering such a motion we must assume the truth of all credible evidence and of all inferences fairly deducible therefrom and consider them in the light most favorable to the party against whom the motion is made. Upon such consideration if there is any competent evidence, however slight, tending to support the plaintiff's right to recover the case should be submitted to the jury. It is only where reasonable minds could not differ that the plaintiff is not entitled to recover that the matter is one of law for the court. Montgomery Ward & Co. v. McFarland, 21 Md. App. 501; Belleson v. Klohr, 257 Md. 642; Miller v. Michalek, 13 Md. App. 16, *cert. denied,* 263 Md. 717; Buchanan v. Galliher, 11 Md. App. 83, *cert. denied,* 261 Md. 722; Burns v. Goynes, 15 Md. App. 293, *cert. denied,* 410 U. S. 938, 266 Md. 737; Lauer v. Scott, 12 Md. App. 555, *cert. denied,* 263 Md. 716; Hagan v. Washington Suburban Sanitary Commission, 20 Md. App. 192.

It need hardly be added that our recitation of facts has been summarized with that admonition in mind.

Appellants contend that appellee Metropolitan owed the Morgans a duty which arose from the fact that Metropolitan contractually undertook to perform a service. Appellants acknowledge that such duty does not arise because of the entry into the contract, but rather having undertaken "to see if [the furnace] will run properly . . . [and] . . . safely . . ." Metropolitan assumed liability "for physical harm resulting from [its] failure to exercise reasonable care to perform [its] undertaking . . .". *Restatement of Torts*, Second, § 323. They analogize an example given by Professor Prosser in his work on *Torts*, (4th ed.) § 56, at 347 of a "landlord who makes repairs on leased premises, although he is under no obligation to do so . . . ." Professor Prosser states that the landlord in that case "assumes a duty to his tenant . . . to exercise proper care to see that the repairs are safe, or at least that the tenant is not left in ignorance of the danger."

While the trip was somewhat circuitous, appellants now arrive at their destination. Their argument thus far seems to imply a duty on Metropolitan to investigate all aspects of the initial installation by Movalco. Not necessary, say appellants. The service men for Metropolitan who actually fired the furnace for its test run admitted seeing the pipe and, it follows by implication, the pipe's proximity to the cellar ceiling joists. "I didn't even think about it. I just looked up and the chimney was hooked up and that was all I was concerned about," said the service attendant. Appellants note that Metropolitan's President had expressed an opinion based upon thirty years experience that the flue pipe should not have been closer than eighteen inches to the floor joists. They then attempt to link that testimony with the service attendant's actual observation of the five inch differential. Their conclusion: there was a duty on Metropolitan to inform appellants of the faulty installation by Movalco. Having failed to warn them appellants say, Metropolitan breached its duty and must share the blame and the $125,000 judgment with Movalco.

Appellants argue further that they hardly need have taken the longer route of finding a duty from an assumed undertaking, but rather could have relied upon a Court of

Appeals opinion remarkably similar factually, *Klein v. Dougherty, et al.,* 200 Md. 22. The "et al." appellee there was the "Allied Oil Burner Service." The facts are concisely recited at 26:

> "Milton Klein and wife constructed a home on Wirt Avenue in Baltimore. He acted as general contractor and let subcontracts for the various phases of the work. When the furnace was installed by Mr. Andrew Dougherty, the smoke pipe was put in a hole in the chimney without a hole being cut through the tile lining of the chimney. When the furnace was started by Allied Oil Burner Service there was no way for the smoke to escape in the chimney. When Mr. Klein, the appellant, drove by the house he saw smoke coming from an exhaust vent in the kitchen. Upon investigation it was found that the interior of the house was covered with soot. As a result, the equitable plaintiff paid the Kleins $1,100.00, and suit was entered against the appellees on a declaration containing a count in contract and a count in tort. The trial judge found that all the parties in the case were negligent and finding the plaintiffs, appellants here, guilty of contributory negligence, a judgment was rendered in favor of the defendants, appellees."

The Court of Appeals reversed the lower court and entered judgment for the home owner. Appellants find significant that Allied Oil Burner Services was held in as a co-defendant even though Mr. Dougherty installed the furnace and connected the flue pipe. It was Allied there which, like Metropolitan here, "undertook to install the oil tank, connect the oil line to the burner, run the filling vent, prime the pump, start the burner, adjust the fire, and check the fan and safety controls." *Id.* at 29-30.

While agreeing with appellants that *Klein* is remarkably similar factually, we find it readily distinguishable. The primary, if not sole, concern of the Court of Appeals in *Klein* was whether the owner-contractor was contributorily

negligent. In that regard, while holding that there was no obligation on the part of Mr. Klein to specifically instruct Mr. Dougherty in the installation, the Court said "We also see no obligation on the part of Mr. Klein to have inspected to see whether Allied had properly turned on the furnace." *Id.* at 30.

A second distinguishing factor responds to the longer route taken by appellants of "duty by assumption of the undertaking." Although the damage in *Klein* arose from faulty installation, the negligence was ascertainable in performance of the duty contracted for, *viz.* starting the fire in the furnace. The testimony in *Klein* upon starting the furnace was:

> "You check the draft from the color of the flame .... if you do not have proper flame you do not have proper combustion. There's instruments to be used in checking the draft. 'When asked the question: 'When a furnace is started up and you open the furnace door and look at the color of the flame can you see whether there is any draft? ', he answered: 'Yes.' He further testified that he could not install a pipe in a chimney without seeing that it was opened or closed. A furnace man was bound to see that a furnace has the proper draft.' "

There the problem was not only easily observable by a reasonably cautious service mechanic but was precisely the problem the avoidance of which brought about his engagement.

In the present case, Metropolitan would be liable under the *Klein* reasoning only if it contractually undertook to inspect for Movalco negligence. Appellants cite *Otis Elevator v. Embert,* 198 Md. 585 for the proposition that " . . . the presence of a known danger, attendant upon a known use, makes vigilance a duty," *Otis, supra,* 198 Md. at 598, citing *McPherson v. Buick Motor Company,* 217 N. Y. 382, 390. However, as the Court phrased the operative test:

> "The decisive question is, what is the scope of [the] undertaking." *Otis, supra,* 198 Md. at 600.

We find here as did the Court of Appeals in *Otis* that "There is no evidence that [Metropolitan] actually undertook more than it contracted to undertake." Metropolitan contracted to see that the furnace would run properly and safely. It did that. Some weeks or months later the Morgans moved in and again the furnace burned "properly and safely" for over a year. Metropolitan did not contract to review Movalco's installation as a guarantor that Movalco had properly installed the furnace, nor did it contract to *insure* that the furnace would burn properly and safely for all time.

A service maintenance man could hardly be held to a degree of expertise not even exemplified by a heating engineer called in by the Morgans after they had assumed occupancy. This specialist rendered a written report to the Morgans which failed to contain any reference to the proximity of the flue pipes to the ceiling. Nor will we follow appellants' theory imparting by operation of law the expertise of Metropolitan's president shown to have been acquired from 30 years experience, to the company's field representative, the service attendant on the scene. There is no basis for concluding that he had knowledge or should be charged with knowledge sufficient to recognize Movalco's negligence from casual visual observation, when that was not even the case of a professional consulting engineer in the field of heating. We think appellants demand too much. Movalco must bear responsibility for its defective installation — alone.

*Judgment affirmed.*
*Costs to be divided between the appellants, Morgan and Movalco.*