# FRANCES MEARS

## *vs.*

## CHARLES C. McELFISH.

*Automobile Injuring Pedestrian—Contributory Negligence.*

In an action for injury to plaintiff caused by defendant's automobile approaching her from the rear while she was walking on the unpaved margin of the road, *held* that the question of defendant's negligence was for the jury, the evidence tending to prove that the automobile was moving rather fast, and that no warning of its approach was given.                              p. 84

The fact that the headlights on an automobile approaching him from the opposite direction made it more difficult for the driver of defendant's car to see pedestrians on the side of the road did not relieve him of the duty to use proper care to observe their presence, and if he could not see them because of insufficiency of his own headlights, or because of the glare of those on the approaching car, he might have reduced the speed of his automobile and given warning signals to anyone possibly exposed to the danger of collision.                              pp. 83, 84

That plaintiff, injured while walking on the unpaved margin of the road, had crossed over from a cinder sidewalk on the other side of the road, where she would have been safe, and that she failed to look behind when she saw an automobile approaching from the front while she was walking near the edge of the macadamized roadbed, did not conclusively show negligence on her part contributing to the injury caused her by defendant's automobile approaching from behind.                              p. 84

That plaintiff, crossing from a sidewalk on one side of the road to the unpaved margin on the other side, where she was subsequently struck by defendant's automobile approaching from behind, failed, while crossing, to look in the direction from which the automobile was coming; was not conclusive of contributory negligence on her part, it not appearing from the evidence that, if she had looked while crossing, defendant's automobile would have been within her range of vision.                              p. 84

*Decided June 28th, 1921.*

Appeal from the Circuit Court for Allegany County (WAG-AMAN, J.).

Action by Frances Mears, infant, by her next friend, Martha Kephart, against Charles C. McElfish. From a judgment for defendant, plaintiff appeals. Reversed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*Frederick A. Puderbaugh* and *Howard Galbreth,* for the appellant.

*Albert A. Doub* and *Frank A. Perdew,* for the appellee.

URNER, J., delivered the opinion of the Court.

While the plaintiff, a girl seventeen years of age, was walking on the Bedford Road near Cumberland, about half past eight o'clock on the evening of June 20, 1920, she was struck and injured by an automobile passing from the rear. It was raining at the time, and the plaintiff and a woman who accompanied her were sheltered by an umbrella. When the accident happened, they were on the right-hand side of the road as they proceeded towards the city. A short time previously they had crossed from the left side of the road, because the path on which they had been walking there was muddy. The roadway is macadamized. The average width of the macadam is fifteen feet. On the north side of the road, where the plaintiff and her companion were walking at the time of the accident, there was an unpaved space between the macadam and a ditch. The two pedestrians were using that space, the plaintiff being next to, and just off, the macadam. After they had been walking on the north side of the road for a brief period, described in the testimony as being "more than a minute," they saw an automobile coming from the city, and

just before it reached them the plaintiff was struck by the defendant's car, which had come from the other direction without any signal being given of its approach. The macadamized portion of the road was wide enough for the two automobiles to pass each other in safety, without using any part of the unpaved space on either side.

The case was taken from the jury at the close of the evidence for the plaintiff, which is, therefore, the only source of information afforded by the record as to the conditions under which the accident occurred. A verdict was directed for the defendant, by two granted prayers which instructed the jury that there was no evidence in the case legally sufficient to entitle the plaintiff to recover, and that the undisputed evidence proved the plaintiff to have been guilty of negligence which directly contributed to the accident. The only question to be decided is whether the case should have been thus withdrawn from the jury.

In order to sustain the ruling below we should have to determine that the evidence does not admit of any inference of negligence in the operation of the defendant's car, or that it so conclusively shows the plaintiff to have been guilty of contributory negligence as to prevent any rational difference of opinion on the subject. It does not seem to us that the proof requires the adoption of either of those theories. The defendant in his car and the plaintiff on foot were each entitled to the use of the highway. They had reciprocal rights and duties as to its use. Neither could be unmindful of the fact that the road was intended to be available for every legitimate purpose and method of public travel. The driver of the automobile was obliged to anticipate that pedestrians might be using the thoroughfare. It was especially incumbent upon him to exercise reasonable care to avoid injury to travelers who, out of regard to their own safety, would naturally make use of the unpaved margin. The fact that the headlights on the automobile approaching from the city may have made it more difficult for the driver of the defendant's car to see the

pedestrians on the side of the road, did not relieve him of the
duty to use proper care to observe their presence. If he could
not see them because of any insufficiency of his own head-
lights, or because of the glare of those on the approaching car,
he might have reduced the speed of his automobile and given
warning signals to any one possibly exposed to the danger of
collision. The evidence tends to prove that the defendant's
car was moving at a rather high rate of speed, that there was
nothing to give the plaintiff and her companion any notice of
its approach, and that it must have diverged from the maca-
damized part of the highway, as the plaintiff, who is shown
to have been off the macadam, was struck by the automobile
and carried by it some distance before its motion was ar-
rested. From the testimony in the case it might be rationally
inferred that the defendant's car was not operated with the
due care which the special conditions required.

The charge of contributory negligence is made because
the plaintiff, with her companion, left a place of safety
on the south side of the road, where there was a cinder side-
walk, and went over to the north margin of the road, where
the space between the macadam and the roadside ditch was
just wide enough to enable them to walk there side by side,
and that they did not look to their right as they crossed the
road, or look behind them after they had reached the north
side and were proceeding on their way. The cinder side-
walk was abandoned by them because of its muddy condi-
tion, and their right to walk on the other side of the road is
not open to dispute. It does not appear from the evidence
whether, if they had looked to the right while crossing, they
could then have seen the automobile by which the plaintiff
was injured. It was not until they had been walking along
the north side of the road for a minute or more that the
accident happened. In that period the car might have come
for the first time within the possible range of the plaintiff's
vision. It would doubtless have been more prudent for her
to look behind her for automobiles when she saw one

approaching from the front, while she was walking near the edge of the macadamized roadbed, but whether her omission to do so under the circumstances should be regarded as negligence on her part is a question as to which rational minds might differ. Unless there was clear and unquestionable negligence in her failure to anticipate and provide against the contingency that a car from the rear might be driven against her while she was off the macadam and without any signal being given her of its approach, the case should be left to the jury for determination. In our opinion, the evidence does not prove contributory negligence so conclusively as to require the withdrawal of the case from the jury on that theory of defense.

> *Judgment reversed, with costs, and new trial awarded.*