SINGLETON *v.* ROMAN
WHORTON *v.* ROMAN
(Two Appeals in Separate Records)
[Nos. 110-111, October Term, 1949.]

242

*Decided April 19, 1950.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

*Morgan C. Harris* and *D. K. McLaughlin* for the appellants.

*Charles F. Wagaman,* with whom were *John Wagaman, Omer T. Kaylor* and *Wagaman & Wagaman* on the brief, for the appellee.

DELAPLAINE, J., delivered the opinion of the Court.

These two suits for damages were brought by Mrs. Genevieve Singleton and Miss Sadie Whorton, of Allegany County, against Lowndes W. Roman, of Washington County, to recover for personal injuries which they sustained when defendant's automobile, in which they were riding as his guests, struck the concrete abutment of a culvert along the National Highway between Flintstone and Cumberland.

The accident occurred on December 18, 1948, about 8:30 p.m. On that evening defendant, while visiting Mrs. Singleton at her home north of Flintstone, offered to drive her and Miss Whorton in his new Ford sedan to a suburb of Cumberland about twelve miles away. Plaintiffs sat in the front seat with him. When he reached Flintstone he turned west toward Cumberland, and after

he had driven about seven miles on the National Highway, he ran into the abutment along the north side of the road, causing the automobile to turn over on its side.

The cases were tried together before a jury in the Circuit Court for Washington County. Defendant claimed that he was driving his car with due care, but that he was blinded by the glare of the headlights of an east-bound car. Following the trial judge's charge, to which plaintiffs objected, the jury rendered a verdict in favor of defendant in each case. Plaintiffs appealed from the judgments entered upon the verdicts.

First, we consider the instruction that the jury should disregard the testimony of the State trooper that there was a very slight odor of alcohol on defendant's breath. The judge instructed the jury to disregard this testimony in view of the other testimony of the officer and of the plaintiffs. The other testimony of the officer was as follows: "I could not detect it very much because he was chewing so much chewing gum. He put a fresh stick in his mouth at least every five minutes. He did not seem to be intoxicated. He was steady on his feet. His speech was clear." In support of the instruction, defendant argued that "a very slight odor of alcohol" on his breath indicated that there was no intoxication such as would be sufficient to contribute toward the happening of the accident.

We think the instruction was improper. It is the province of the trial judge to state the law to the jury, while it is the province of the jury to determine the facts of the case from the evidence in accordance with the judge's instructions. It is the policy of the law to protect the province of the jury from invasion by the court. The court must not assume the power of judging the credibility of witnesses or determining the weight of testimony in case of discrepancy. While the trial judge may comment on the evidence whenever he thinks it necessary to assist the jury in arriving at a just conclusion, and may draw their attention to those portions of the evidence which he considers important, yet he should make

it clear to the jury in expressing his opinion upon the evidence that all matters of fact are submitted to their determination. *Quercia v. United States,* 289 U. S. 466, 53 S. Ct. 698, 77 L. Ed. 1321; *Snyder v. Cearfoss,* 190 Md. 151, 161, 57 A. 2d 786, 791. We have provided in our rules that the Court may sum up the evidence if it instructs the jury that they are to determine for themselves the weight of the evidence and the credit to be given to the witnesses. General Rules of Practice and Procedure, part 3, subd. 3, rule 6 (b). Hence, an instruction is erroneous if it withdraws from the consideration of the jury any evidence, however weak, tending to establish material facts. *B. F. Sturtevant Co. v. Cumberland Dugan & Co.,* 106 Md. 587, 612, 68 A. 351, 14 Ann. Cas. 675.

The question whether the driver of a motor vehicle was under the influence of intoxicating liquor at the time of an accident is relevant to the issue of his negligence. It is a serious criminal offense for any person who is under the influence of intoxicating liquor to drive a motor vehicle in this State. Code Supp. 1947, art. 66½, sec. 153. In determining whether or not a driver was under the influence of liquor in any degree, the jury should be left free to form their own judgment from the evidence. In *Cumberland & Westernport Transit Co. v. Metz,* 158 Md. 424, 450, 149 A. 4, the trial court correctly refused to instruct the jury that if the driver was only slightly intoxicated, but not drunk, such slight intoxication was not evidence from which the jury might infer want of ordinary care.

At the trial below, where there was testimony that there was a very slight odor of alcohol on the driver's breath, but he did not seem to be intoxicated, it was the province of the jury to determine whether he was actually under the influence of intoxicating liquor in any degree, however slight, and if he was, whether the intoxication contributed to the accident. There was in the case no separable issue of intoxication, which the judge might properly take from the jury by telling them to disregard

the testimony, if the testimony was legally insufficient on such an issue. Influence of liquor, whether great or slight, was only a single fact relevant to the question of negligence.

Secondly, we consider the judge's refusal to grant an instruction that if the jury believed that defendant ran his car into the abutment because of the glare of the headlights of an approaching car, it was his duty to reduce his speed or stop so as to avoid colliding with objects which he could not otherwise have seen in time to avoid them. Our present rule provides that the Court may instruct the jury upon the law of the case either by granting requested instructions or by giving instructions of its own on particular issues or on the case as a whole, or by several or all of these methods, but need not grant any requested instruction if the matter is fairly covered by instructions actually given. General Rules of Practice and Procedure, part 3, subd. 3, rule 6 (b). Since the adoption of this rule by the Court of Appeals in 1941, most of the trial courts have been instructing the juries orally and have largely abandoned the practice of granting written prayers; but the trial judges in the Fourth Judicial Circuit have been adhering in most cases to the old practice of instructing juries by granting appropriate prayers submitted by the parties. It is gratifying that the judges in the Fourth Judicial Circuit have undertaken the new method of instructing the juries, because it is more enlightening to the juries in most cases.

It is an accepted rule that refusal to give a requested instruction, even though it states the law correctly, is not reversible error if it is substantially covered in other instructions. *American Express Co. v. Terry,* 126 Md. 254, 263, 94 A. 1026, Ann. Cas. 1917C, 650; *United States v. Trenton Potteries Co.,* 273 U. S. 392, 47 S. Ct. 377, 379, 71 L. Ed. 700, 50 A. L. R. 989. On the other hand, the court should give any instruction requested by either party which correctly states the law, is applicable to the facts of the case, and deals with material points, unless it is covered by other instructions. Refusal to give an

instruction applicable to the issues, when it is not covered by other instructions, is a ground for reversal of the judgment if the error in refusing the instruction was material and prejudiced the complaining party.

In the case at bar the only instruction on the care that should have been exercised by defendant was that the jury should not find defendant negligent unless they find that he failed to use that ordinary degree of care which a reasonably prudent person would have exercised under like circumstances. We think the judge should also have specifically instructed the jury that if they believed defendant ran his car into the abutment because of the glare of the headlights of the oncoming car, then it was his duty to reduce his speed so as to avoid colliding with any object which he could not otherwise have seen in time to avoid it. The law is established that a motorist is not relieved of the duty to exercise due care to observe objects along the side of the road by the mere fact that the glare of the headlights of an oncoming car makes it more difficult to see the side of the road. If he is prevented from seeing such objects by the glare of headlights, he should reduce the speed of his car. *Mears v. McElfish,* 139 Md. 81, 84, 114 A. 701.

The judge said at the trial below that he refused to give the requested instruction because it was not clear how far defendant was from the abutment when he was blinded by the headlights. Of course, if the eastbound car had come into defendant's view so suddenly that he did not have time to reduce his speed, there might be sound basis for that position. But in this case it was not necessary to know exactly how far defendant was from the abutment when he was blinded, for he could see up the road more than a quarter of a mile. He admitted that the road west of the culvert is "practically straight." He stated that there is "a little hump" in the road east of the culvert, but admitted that he could see three cars coming toward him. It is thus apparent that the eastbound car could not have come into view altogether suddenly.

Defendant further admitted that the eastbound car, the lights from which he blamed for the accident, was traveling on the south side of the road. At this place the road is 22½ feet wide, and defendant admitted that he had room to pass without hitting the abutment. Nevertheless, while admittedly driving at a speed of approximately 50 miles an hour, he made no effort to reduce his speed despite the glare of the lights, and struck the abutment, which is 2½ feet high, knocking down the metal warning post with glass reflectors.

Plaintiff's prayer, which the judge refused, suggested that it may have been defendant's duty "to reduce his speed or stop." It is common knowledge that it is rarely necessary for a motorist to stop on a main highway in the open country to avoid hitting an object along the side of the road merely because the headlights of an approaching car are bright. Hence, we are not inclined to think that it would have been necessary for defendant to come to a stop on the National Highway to avoid hitting the abutment. We acknowledge, of course, that a trial judge should not give any requested instruction which is improper under the facts of the case. Moreover, there are many decisions, such as *Hogan v. Kansas City Public Service Co.*, 322 Mo. 1103, 19 S. W. 2d 707, 65 A. L. R. 129, holding that failure to give a requested instruction that does not state the law with substantial correctness is not reversible error. In this case, however, the requested instruction was only in the alternative, "to reduce his speed or stop," and did not require defendant to stop. In any event, the judge could readily have given a proper instruction on the point without including the word "stop."

Because of the errors committed by the trial judge in his charge to the jury, we find it necessary to reverse the judgment entered in favor of defendant in each case and award plaintiffs a new trial.

> *Judgments reversed and cases remanded for a new trial, with costs.*