862 F.2d 869
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Kathleen ANDREE, Individually, and as Widow of Thomas Andrew
Andree, Deceased; Kathleen Andree, Mother and Next Friend
of Cicely Andree and Christopher Andree, Minor Children of
Thomas Andrew Andree, Deceased, Plaintiffs,
v.
Edward BRISKIE; Hazletan Express, Inc., a New Jersey
corporation, w.s.o. Milton A. Krivak; Clifford B.
Finkle, Jr., Inc., w.s.o. Glenn
Peterson, Defendants-Appellants,
v.
Prosper F. SANTANGELO, a/k/a Ross Fort Santangelo; R.R.
Donnelly & Sons Company, Third Party Defendants-Appellees.
 No. 87-3624.
 United States Court of Appeals, Fourth Circuit.
 Argued: July 26, 1988.
 Decided: Nov. 10, 1988.
 
 Richard P. Kidwell (James R. Eyler, Mauricio E. Barreiro, Miles & Stockbridge, on brief), for appellants.
 Richard Jeffrey Magid (Dale B. Garbutt, Debra A. Jung, Whiteford, Taylor & Preston; Steven J. Parrott, Hartman and Crain; Roy L. Mason, Mary Alane Downs, Donahue, Ehrmantraut & Montedonico, on brief), for appellees.
 Before DONALD RUSSELL, WIDENER and K.K. HALL, Circuit Judges.
 PER CURIAM:
 
 
 1
 Edward Briskie, Hazletan Express, Inc. and Clifford B. Finkle, Jr., Inc. appeal from a verdict in favor of Prosper F. Santangelo that resulted from litigation involving an auto accident. Briskie challenges the district court's instructions which required the jury to find either Briskie or Santangelo negligent but did not permit a finding that both were or neither was negligent. We vacate and remand for a new trial.[1]
 
 
 2
 On March 27, 1985, Briskie, driving a tractor trailer, and Santangelo, driving an Audi, were involved in a collision that killed a passenger in the Santangelo car and injured both drivers. The accident occurred when the cars were traveling either side by side or at least in the same easterly direction on U.S. 50, a four lane, divided highway, over the Severn River bridge at Annapolis. At trial, Briskie and Santangelo testified, as did the investigating officer, four eyewitnesses, Charles E. Radcliffe, Robert Rafferty, Gregory Hamilton and Ronald Cutler, and two expert witnesses, Nicholas Perrone and Bruce E. Enz. The events surrounding the accident were hotly contested. Two of those witnesses placed the Santangelo car in the right lane and Briskie in the left lane. Five of those witnesses placed the Briskie truck in the right lane and the Santangelo car in the left lane. One of those witnesses could not recall the lanes. Four of those witnesses testified that Briskie's truck first crossed the center line and struck the Santangelo car. Three of those witnesses testified that the Santangelo car crossed the center line and struck the Briskie truck. One of those witnesses could not recall what happened.
 
 
 3
 At the close of the trial, the district court instructed the jury that they must find either Santangelo or Briskie negligent. Written interrogatories and the jury verdict form permitted the jury only that one option. The jury was allowed to find Briskie negligent or Santangelo negligent but was precluded from finding both negligent or neither negligent.
 
 
 4
 Remembering that the principal, and really the only, question in this case is the direction of the district court to the jury to find either Briskie or Santangelo negligent, the standard for reviewing that direction is the same as that of a directed verdict. In this circuit, the question is whether the evidence is such, without weighing the credibility of the witnesses, that there is only one conclusion that reasonable jurors could have reached. Keller v. Prince George's County, 827 F.2d 952 (4th Cir.1987); Eastern Auto Distributors v. Peugeot Motors of America, 795 F.2d 329 (4th Cir.1986). And, the law is not different in Maryland. See Singleton v. Roman, 72 A.2d 705, 707 (Md.1950).
 
 
 5
 Especially in a case such as this, where the testimony is in total conflict, it is critical to leave to the jury the discretion to sort out the facts. The jury here, for example, could have credited both the witnesses that testified that the Santangelo car drifted toward center and those that testified that the Briskie truck drifted toward center and concluded that both drivers were negligent. And, Maryland law has approved an instruction that permitted a finding of no negligence on the part of either of two drivers when sued by non-negligent passengers in one of the two vehicles involved in a collision. Little v. Duncan, 284 A2d 641 (Md.App.1971).
 
 
 6
 Because of the erroneous direction to the jury, the judgment must be vacated and the case remanded for a new trial.
 
 
 7
 VACATED AND REMANDED WITH INSTRUCTIONS.
 
 
 
 [1]
 Some of the claims growing out of the accident have been settled, and there is much more to the case than the claims of Santangelo. All matters before the district court, however, depend upon whether or not the operators of the vehicles, Santangelo and Briskie, were negligent