605 A.2d 123

Gilbert WEGAD

v.

HOWARD STREET JEWELERS, INC.

No. 90, Sept. Term, 1991.

Court of Appeals of Maryland.

April 28, 1992.

**410**

Shirlie Norris Lake (Jeffrey A. Sharpe, Eccleston and Wolf, on brief), Baltimore, for petitioner.

James A. Rothschild (Gregory L. VanGeison, William C. Hudson, Anderson, Coe & King, on brief), Baltimore, for respondent.

Argued before MURPHY, C.J., ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW, and KARWACKI, and CHARLES E. ORTH, Jr., Associate Judge of the Court of Appeals (retired), Specially Assigned.

CHASANOW, Judge.

Howard Street Jewelers filed suit against its accountant, Gilbert Wegad, C.P.A., for professional malpractice based upon his failure to detect that the jewelry store's cashier was embezzling funds. On February 20, 1990, the case

went to trial before a jury and the Honorable William N. Nickerson in the Circuit Court for Baltimore County.

The case was submitted to the jurors on a special verdict sheet which required them to answer four questions: (1) Was Gilbert Wegad guilty of negligence in performing accounting services for Howard Street Jewelers?; (2) Was the lawsuit filed within the statute of limitations?; (3) Was Howard Street Jewelers, through any of its principals, guilty of contributory negligence?; and (4) If appropriate, what damages did Howard Street Jewelers suffer? The jury answered "Yes" to the first three questions. Accordingly, because of Howard Street Jewelers' contributory negligence, judgment was entered in Wegad's favor.

Howard Street Jewelers appealed the verdict to the Court of Special Appeals on the ground that Judge Nickerson erred in refusing to give a requested jury instruction on contributory negligence. The intermediate appellate court agreed that the trial judge's failure to give the requested instruction was error and, therefore, reversed the jury verdict and remanded the case for a new trial. *Howard Street Jewelers v. Wegad*, 87 Md.App. 351, 589 A.2d 1285 (1991). We granted Wegad's petition for writ of certiorari to review the judgment of the Court of Special Appeals.

Before the last day of trial, Howard Street Jewelers submitted to Judge Nickerson two proposed jury instructions on the issue of contributory negligence. Howard Street Jewelers has abandoned its insistence on one of its instructions; consequently, we need not review it. Howard Street Jewelers bases its appeal to this Court on the propriety of its other proposed instruction. The first paragraph of that instruction recited the general standard for contributory negligence, while the second paragraph set forth the following specific instruction:

"The client can rely on the accountant's knowledge and skill. It is not contributory negligence for a client to follow an accountant's instructions, or rely on his advice, or to fail to consult with another accountant or to discover the source of a financial problem itself where the

client has no reason to suspect his accountant's advice and instructions are wrong."

The trial court declined to give the requested instruction. Instead, the court gave the jury the following general instruction on contributory negligence:

"Now, the plaintiff cannot recover if his or her or its, in this case we are talking about a corporation, own negligence is the cause of the plaintiff's damage or injury. Since the plaintiff in this case is a corporation, the issue of contributory negligence as it is called is to be considered in relation to the acts or omissions on the part of the corporation's principals or agents. So, in this case the issue relates to the consideration of acts or omissions on the part of either Julius Levi, Lore Levi or Alvin Levi [the principals]. And negligence, as I instructed you a moment ago, is doing something that a person using ordinary care would not do or not doing something that a person using ordinary care would do. Ordinary care being that caution, attention or skill that a reasonable person would use under similar circumstances.

And so with respect to the issue of contributory negligence, the defendant has the burden of proving by a preponderance of the evidence, which I will explain later, that the plaintiff's negligence was a cause of the plaintiff's damage or loss.

So that means that if you find from the evidence that one or more of the plaintiff's principals was guilty of negligence which was a direct cause of the plaintiff's loss or damage, then your verdict must be for the defendant. And that would be regardless of whether you find that the defendant was also negligent and regardless of whose negligence was greater."

Howard Street Jewelers contends, as it did below, that its requested instruction is an accurate statement of the law and should have been given because the instruction that the trial court actually gave did not fairly cover the reliance issue. The Court of Special Appeals aptly framed this contention by noting that Howard Street Jewelers "did not

challenge the general contributory negligence instruction. It challenged only the court's refusal to tailor that general instruction so as to take account of a client's reliance on advice given it by a professional, in this case, an accountant." *Howard Street Jewelers,* 87 Md.App. at 360, 589 A.2d at 1289.

■■ Howard Street Jewelers' challenge is implicitly based upon the principle that a "litigant is entitled to have his theory of the case presented to the jury...." *Sergeant Co. v. Pickett,* 285 Md. 186, 194, 401 A.2d 651, 655 (1979) (quoting *Levine v. Rendler,* 272 Md. 1, 13, 320 A.2d 258, 265 (1974)). This "entitlement," however, is conditioned upon two requirements: "(1) the [requested] instruction must correctly state the law, and (2) that law must be applicable in light of the evidence before the jury." *Id.* Further, under Maryland Rule 2–520(c), the court "need not grant a requested instruction if the matter is fairly covered by instructions actually given." *See State Roads Comm'n v. Parker,* 275 Md. 651, 688, 344 A.2d 109, 129 (1975) (If the substance of the requested instruction is fully and fairly covered by the instruction given, there is "no requirement on [the court's] part to grant any specific requested instruction submitted by [a party]—assuming arguendo—that such proffered instruction would have, with precision, submitted to the jury a correct proposition of law."). Consequently, to rule upon the propriety of denying a requested jury instruction, a reviewing court must determine whether the requested instruction was a correct exposition of the law, whether that law was applicable in light of the evidence before the jury, and finally whether the substance of the requested instruction was fairly covered by the instruction actually given.

We first examine the substance of the requested instruction, *i.e.,* the standard for contributory negligence which incorporates a client's ability to rely on the advice of its accountant. Howard Street Jewelers' requested instruction was patterned after language in *Santoni v. Schaerf,* 48 Md.App. 498, 428 A.2d 94 (1981), and the Court of Special

Appeals relied on *Santoni* for its conclusion that Howard Street Jewelers' requested instruction was a correct exposition of the law. *Santoni* involved a medical malpractice action wherein a doctor at a Baltimore tuberculosis clinic prescribed a drug that caused his patient, Mario Santoni, to contract hepatitis and eventually die. Santoni's estate sued the doctor who then raised contributory negligence as a defense. The Court of Special Appeals in *Santoni* noted the disparity between the knowledge and skill of a doctor and that of a patient in relation to the risks of medication, and stated that "it is not contributory negligence for a patient to follow a doctor's instructions or rely on his advice."[1] *Id.* at 507, 428 A.2d at 100. That court then looked to see if there was legally sufficient evidence to permit the inference that Santoni either associated or should have associated his symptoms with the medication and then failed to report the adverse reactions. *Id.* at 509–11, 428 A.2d at 101–02. The intermediate appellate court concluded that the evidence was insufficient and, therefore, contributory negligence was not an issue for the jury. *Id.* at 519, 428 A.2d at 106.

This Court, in *Moodie v. Santoni*, 292 Md. 582, 591, 441 A.2d 323, 327 (1982), reversed that decision on appeal, holding that "there was evidence, if believed, from which

---

**1.** This is part of the language from *Santoni v. Schaerf*, 48 Md.App. 498, 507, 428 A.2d 94, 100 (1981) upon which Howard Street Jewelers based its requested instruction. The Court of Special Appeals in *Santoni* held that

"[w]ith respect to this element of foreseeability, in discussing contributory negligence in medical malpractice cases, courts have noted the disparity between the knowledge and skill of a doctor and that of a patient. The patient is not in a position to diagnose his own ailment. Without being told, he does not know the risks of medication. He is not in a position to judge whether the prescribed course of treatment is in his best interest. As a consequence, it is not contributory negligence for a patient to follow a doctor's instructions or rely on his advice, [or] to fail to consult another doctor when the patient has no reason to believe that the doctor's negligence has caused his injury." (citations omitted)

We decline to comment on the validity of the specific language of this holding.

the jury could infer that Santoni failed to heed instructions [to report symptoms to the clinic] and hence was guilty of contributory negligence." Accordingly, this Court held that the question of contributory negligence was for the jury. Making no express comment as to whether Mr. Santoni was entitled to rely on his doctor's advice, this Court looked to Mr. Santoni's failure to act prudently upon other facts he knew or should have known. Thus, the rationale of this Court's decision in *Moodie v. Santoni* is that a patient's failure to otherwise act to protect himself is not in every case justified by his reliance on his doctor's knowledge and skill.[2]

In the instant case, the Court of Special Appeals noted that *Santoni v. Schaerf* required "reasonable" or "justifiable" reliance, and held that Howard Street Jewelers, through its requested instruction, "sought to have the jury instructed that it could *justifiably* rely upon its accountant's knowledge and skill and, further, that it is not contributory negligence to do so. . . ." *Howard Street Jewelers*, 87 Md.App. at 361–62, 589 A.2d at 1290 (emphasis added). It is not clear from the requested instruction that Howard Street Jewelers in fact sought to have the jury so instructed.

---

**2.** One commentator has noted that "[c]ourts often deny accountants the use of the contributory negligence defense, even though other professionals use it in analogous situations." Eric R. Dinallo, *The Peculiar Treatment of Contributory Negligence in Accountants' Liability Cases,* 65 N.Y.U.L.Rev. 329, 331 (1990). In this article, Dinallo identifies the situation where the client has imputed knowledge that the accounting was flawed but disregards such knowledge and proceeds to act in unjustified reliance on the audit. He notes that

"[i]n the malpractice action, the auditor disclaims liability for all or some of the damages resulting from the negligent audit because the client acted against its own interest and in disregard of its own knowledge. This situation is analogous to medical malpractice cases in which the courts have found that the patient must take proper precautions for her own safety."

*Id.* at 360. He concludes that courts should adopt comparable standards in professional malpractice cases and that accountants' clients should not be permitted to disregard their own knowledge and insulate themselves in business transactions.

The focus of the contributory negligence defense is whether the plaintiff took appropriate precautions to protect his own interests. *Menish v. Polinger Company,* 277 Md. 553, 557–58, 356 A.2d 233, 235–36 (1976). To varying degrees and under diverse circumstances, accountants may be employed to protect against any number of potential risks. In some instances, clients might hire an accountant to do an audit for the very purpose of detecting possible defalcations. In other cases, as in the one at hand, the accountant's employment may be more limited and the accountant's duties may not necessarily include searching for misappropriations.[3] The scope of the accountant's undertaking has a bearing on how much a client is entitled to rely on the professional's advice. The degree to which a client has a right to rely on this advice should be considered when deciding if that client exercised reasonable care. The client, however, should not be permitted an absolute and unqualified right to rely on the accountant's advice and thereby be completely insulated from responsibility for his or her own shortcomings. For example, we do not believe that an accountant's negligent failure to report shortages completely insulates the client who consistently leaves the company's cash unattended and fully accessible to all employees and customers. The fact finder should consider the client's reliance on its accountant as an integral part of the determination of whether the client took reasonable action to protect its interests. That is quite a different prospect from requiring the fact finder to absolve the client of

---

**3.** In the instant case Mr. Wegad sent Howard Street Jewelers an annual engagement letter which informed it that his services did not include an audit and would "not be designed and cannot be relied upon to disclose fraud, defalcations or other irregularities." The letter went on to state that he would inform the business "of any matters that come to our attention which cause us to believe that the information furnished us is not correct." Under these circumstances, a client may be less justified in relying on its accountant than in a situation where the accountant has been employed to protect against the risk of a specific harm, *i.e.,* hired to do a fraud audit to protect against the possibility of embezzlement.

responsibility for its losses if it has relied upon its accountant.

The principle that a client is contributorily negligent if it unreasonably relies on the advice of its accountant is an extension of that embodied in the *Restatement (Second) of Torts*, § 552A (1977). Section 552A provides: "The recipient of a negligent misrepresentation is barred from recovery for pecuniary loss suffered in reliance upon it if he is negligent in so relying." Comment a to Section 552A mandates that the plaintiff be held to the standard of care, knowledge, intelligence, and judgment of a reasonable person in relying on the negligent misrepresentation.

As the first paragraph of the requested instruction correctly explained, "[t]o be held contributorily negligent, a person must actually have been aware or should have appreciated the risks involved and then failed to exercise reasonable and ordinary care for his own protection." Thus, whether the plaintiff should have appreciated the risks or foreseen the potential harm to himself becomes a central question in the analysis. *Menish,* 277 Md. at 562, 356 A.2d at 238. Relating a client's ability to rely on the advice of its accountant to this aspect of foreseeability, Howard Street Jewelers argues that

"[b]ecause the professional possesses specialized expertise, the client naturally relies on him.... The primary basis for the instruction is that a professional, in this case, an accountant, possesses much greater knowledge of his field than does the client. *Most often,* because the client places his affairs in the hands of the professional and is less knowledgeable than the professional, the client cannot adequately protect himself from harm because he cannot foresee it." (Emphasis added).

By its own language, Howard Street Jewelers admits that while "most often" the professional is in a better position to appreciate the risk, that may not always be the case. The disparity of knowledge and skill as possessed by a layperson and an accountant in regard to some matters may be

vast and wide, as opposed to other matters where the difference may be slight—if existent at all. Accordingly, the client cannot always discharge the duty to protect itself merely by relying on an accountant's advice. Rather, a client's reliance on its accountant must be reasonable. Such reliance can be said to have been "reasonable" or "justified" only if a person acting with reasonable prudence and caution would have relied on the representations and would have done no more to protect itself.

Consequently, we agree with the Court of Special Appeals' statement that a proper jury instruction should explain that a client's *reasonable* or *justifiable* reliance on his or her accountant satisfies its obligation to exercise reasonable care in safeguarding its interests. Unlike the Court of Special Appeals, however, we have difficulty seeing that the instruction, as proposed by Howard Street Jewelers, requires that the client's reliance be reasonable.

The requested instruction seems to eclipse the requirement that a plaintiff be free from contributory negligence. Howard Street Jewelers wanted the jury instructed that

> "[t]he client can rely on the accountant's knowledge
> and skill. It is not contributory negligence for a client
> to follow an accountant's instructions, or rely on his
> advice, or to fail to consult with another accountant or to
> discover the source of a financial problem itself where the
> client has no reason to suspect his accountant's advice
> and instructions are wrong."

The instruction does not require that the jury consider whether the client should have known that the accountant might have been in a worse position than the client to detect embezzlement. *See generally McElroy v. Boise Cascade Corp.*, 632 S.W.2d 127, 136–37 (Tenn.App.1982) (plaintiff found contributorily negligent in relying on representation because he was in a better position to appreciate risk of harm to himself). Nor does the instruction require that the jury consider that the accountant may not have been hired to detect misappropriation. In short, the requested instruction might be read to allow a client to rely on an account-

ant's advice and disregard any responsibility to use reasonable measures for self-protection, and yet remain free of contributory negligence. *See State Roads Comm'n, supra,* 275 Md. at 687, 344 A.2d at 129 (Court affirmed judge's refusal to give proposed instruction noting "that the nebulous nature of the proposal—being incomplete as a matter of law—would have done nothing in assisting the jury. . . .").

The potential for confusion in the instruction is further compounded by another inadequacy. By the last phrase of the instruction, Howard Street Jewelers sought to advise the jury that "[i]t is not contributory negligence for a client . . . to fail . . . to discover the source of a financial problem where the client itself has no reason to suspect his accountant's advice and instructions are wrong." This instruction is incorrect because it does not appear to require that the client's failure to act prudently to discover the source of its injury be causally connected to its reliance on the accountant's advice. Rather, implicit in this language is the idea that a client may rely on its accountant's advice, and thereby discharge its duty to protect itself, providing it has no reason to believe that the advice is wrong. Consequently, this instruction might allow a client who is equally able to appreciate any number of business risks to avoid its duty to guard against those risks merely by employing an accountant. We do not believe that a client can discharge its duty to protect itself by closing its eyes and refraining from taking any action other then employing an accountant when prudence requires that it should also take independent measures to shield itself from harm. This aspect of the instruction did not require that the client's failure to take independent action be caused by its reliance on the accountant; consequently, it magnified the instruction's error.

Although we believe that the instruction was not an accurate statement of law, we also point out that the instruction was not supported by the evidence adduced at trial. The record contains evidence that at the yearly meeting in 1983, Mr. Wegad did in fact inform the Levis

(the principals of the business) of cash shortages and discussed the possibility that someone was stealing from the store.[4] At the annual meeting the following year, Mr. Wegad again related his concern that employees may be stealing from the business. In response to this concern, Mr. Wegad advised the Levis to "keep your eyes open." Despite this advice, the Levis apparently closed their eyes and ignored this and other indications that the store's cashier was setting aside sales tickets in contravention of standard operating procedures and was enjoying luxuries which were seemingly beyond her financial means. Further, the Levis knew that this particular cashier handled 90% of the business' cash, "closed out" the cash register every night, and was responsible for keeping track of all sales and layaway receipts.

Beyond a store owner's general appreciation of the risk of embezzlement, the Levis were aware of that danger in relation to the actual culprit.[5] Thus the disparity in knowledge or ability to appreciate the risk of harm which may generally be associated with a professional/client relationship is not supported by the evidence in the instant case. Indeed the Levis were in at least an equal position to foresee the risk of harm.

While proper accounting may have disclosed the embezzlement—and the jury so found when they determined that

---

**4.** The last phrase of the instruction excused the client's failings where it "has no reason to suspect that his accountant's advice and instructions are wrong." Howard Street Jewelers' counsel conceded in argument before this Court that the record contained no evidence that Mr. Wegad gave Howard Street Jewelers erroneous *advice*. On that basis alone, Judge Nickerson could have refused to give the requested instruction.

**5.** Indeed, Mrs. Lore Levi specifically suspected that Betty Mauck, the store's cashier, was stealing from the business. Mrs. Levi had expressed her suspicion to both her husband, Julius, and her son, Alvin. Julius Levi refused to believe that the cashier was embezzling because she had been with the business for many years and was "highly respected." Alvin Levi dismissed his mother's suspicions, believing her to be "paranoid." Consequently, no action was taken to monitor Ms. Mauck's activities.

Wegad was negligent—proper supervision by the Levis may also independently have disclosed the source of the loss and may have been the basis for the jury's contributory negligence finding. The Levis' conduct should be viewed in the context of Wegad's failure to report suspicious discrepancies in the records, but his failings did not of necessity excuse their unreasonable inattention. As noted earlier, Wegad specifically informed the Levis that his services should not be relied upon to disclose "fraud, defalcations or other irregularities." Yet despite indications that the cashier was embezzling, the Levis did nothing to monitor her activity in the store. The jury could have found that the extent of the Levis' reliance on Wegad was not reasonable in light of the fact that the Levis possessed knowledge upon which they should have acted in order to discover the embezzlement. The jury may well have concluded that, under similar circumstances, a prudent person would have further investigated the activities of the cashier and that the Levis' failure was not a result of reasonable reliance on Wegad.

While businesses may rely on an accountant's advice and need not carry out the functions that the accountant is employed to perform, the fact that an accountant has not discovered or disclosed employee theft does not completely excuse the employer from taking reasonable measures and exercising reasonable vigilance to prevent theft. Because the requested jury instruction could have absolved Howard Street Jewelers of contributory negligence on evidence shy of this standard, Judge Nickerson did not err in failing to give the instruction. Further, we believe that the contributory negligence issue was fairly covered by the instruction that Judge Nickerson actually gave.

JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED. CASE REMANDED TO THAT COURT WITH INSTRUCTIONS TO REINSTATE THE JUDGMENT IN FAVOR OF GILBERT WEGAD. COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE PAID BY HOWARD STREET JEWELERS.