671 A.2d 41

**Louise Mallan KELBAUGH**

v.

**Jennifer M. MILLS.**

**No. 294, Sept. Term, 1995.**

Court of Special Appeals of Maryland.

Feb. 5, 1996.

Joan Cerniglia–Lowensen (David J. Norman, Mason, Ketterman & Morgan, Michael S. DeBaugh and Lord & Whip, on the brief), Baltimore, for appellant.

Cathleen M. Vitale (Henault & Sysko, Chartered, Glen Burnie, and David B. Ginsburg, Lanham, on the brief), for appellee.

Argued before FISCHER, CATHELL and MURPHY, JJ.

CATHELL, Judge.

A car driven by Louise Kelbaugh, appellant, met with one driven by Jennifer Mills, appellee, at the intersection of Benfield Road and Veteran's Highway in Millersville in Anne Arundel County. Cross suits followed the collision, in which the primary issue was who had the right-of-way at the intersection. Appellant claimed that she was turning left under a green left-hand turn arrow, while appellee asserted that she was proceeding straight through the intersection under a full or solid green light. A jury in the Circuit Court for Anne Arundel County found for appellee. The instant appeal concerns the jury instructions given in that negligence suit. The sole question appellant presents on appeal is:

> Did the trial court err in instructing the jury that a motorist making a left turn must yield the right-of-way to any other vehicle that is approaching from the opposite direction, without also instructing the jury that this duty to yield the right-of-way does not exist when the left turning motorist is proceeding under a green arrow signal?

We answer the question in the affirmative, and because the trial court's instructions materially prejudiced appellant's case, we shall remand for a new trial.

## The Facts

The intersection of Benfield Road and Veteran's Highway is controlled by traffic signals. At that intersection, Benfield Road is an eight-lane divided highway: in each direction, two lanes proceed straight through the intersection with additional lanes on both the extreme left and extreme right designated solely for turns in those directions.

Shortly before 8:15 p.m. on the 12th of March, 1993, a clear, dry, cold evening, appellant was traveling westbound on Benfield Road. At trial, she testified that she sought to make a left-hand turn in order to proceed southbound on Veteran's Highway. Appellant stated that, as she approached the intersection, the light changed from green to yellow and then to red, and, appropriately, appellant stopped her Toyota Cressida in the designated left-turn lane; she was the first vehicle in this lane. When the light turned green again, appellant testified that she was faced with a green left-turn arrow and that the traffic to her right had a full green signal. She then entered the intersection and proceeded to turn left onto Veteran's Highway, which, by necessity, required her to traverse the eastbound lanes of Benfield Road. Appellant testified further that, when she was about halfway through the intersection, but not before, she turned and saw a white car coming toward her. That vehicle subsequently struck hers, throwing appellant across the car into the front passenger's seat.

At the same time, appellee was proceeding eastbound on Benfield Road in a Toyota Camry. She testified that, as she approached the intersection, she observed twice that the light was a full green in her favor. Upon reaching the intersection, she checked the light again, and, still observing the full green signal, she entered the intersection, only to have appellant's vehicle cross directly in front of her. Her car struck appellant's just behind the front wheel. Appellant's car then spun, and the rear of appellant's car struck the driver's side of appellee's vehicle. There were two passengers in appellee's

car at the time of the accident, both of whom testified to the same essential facts as appellee.

Thus, it appears that each party believed that she had the right-of-way at the intersection. Each party testified that she had a green light in her favor—a green arrow for appellant; a full green for appellee—at the time they entered the intersection, and, other than the testimony of each side, there was no evidence tending to show otherwise. According to her testimony, appellant believed that, because she had a green arrow, the eastbound traffic was stopped by a red light, and, thus, it was safe for her to proceed with her left turn. Similarly, appellee and the passengers in her vehicle testified that the light was a full green in their favor; therefore, appellee too believed that it was safe for her to enter and cross the intersection. There was no evidence adduced at trial to indicate that, when westbound traffic on Benfield Road has a green left-turn arrow, the eastbound lanes are faced with a red signal, or vice versa, even though that fact might be common knowledge. Unfortunately, as was shown, both cars could not occupy the same space at the same time.

At the close of the evidence, the circuit court charged the jury. With respect to the law governing the conduct of motorists at intersections; over the objection of appellant's counsel, the court provided the following instruction:

> The requirement under Maryland motor vehicle law for making a left-hand turn is as follows: If a driver of a motor vehicle intends to turn to the left at an intersection or into an alley or private road or driveway the driver shall yield the right-[of]-way to any other vehicle that is approaching from the opposite direction and is in the intersection or so near it as to be an immediate danger. That's Maryland Transportation Article, Section 21–402(a).

Additionally, the circuit court instructed the jury:

> You can utilize the inferences which you draw from the evidence which comes before you. You can rely on your own common sense, everyday experiences, . . . and you also

can rely upon inferences which can be fairly drawn from the evidence provided . . . in court.

Neither the extract nor the record contains a copy of the jury instructions requested by either party below. Hence, we have no way of knowing, apart from counsel's objection, precisely those instructions that were requested and that the court refused. Following the charge, the court held a bench conference, during which appellant's counsel stated:

> I have one objection for the record, Your Honor. (inaudible) concerning the left-hand turn law, for the record, counsel has represented that (inaudible) regardless of the circumstances, I find it hard to (inaudible) if so these cases would be disposed of with summary judgment concerning a left-hand turn, that issue, so we just object to.[1]

Following an unsuccessful Motion for New Trial, appellant noted this timely appeal.

### Discussion

[redacted] It is clear that "[a] litigant is entitled to have his theory of the case presented to the jury," *Levine v. Rendler*, 272 Md. 1, 13, 320 A.2d 258 (1974) (citations omitted); *Wegad v. Howard St. Jewelers*, 326 Md. 409, 414, 605 A.2d 123 (1992); *Sergeant Co. v. Pickett*, 285 Md. 186, 194, 401 A.2d 651 (1979), provided that his "theory of the case is a correct exposition of the law and there is testimony in the case which supports it," *Levine*, 272 Md. at 13, 320 A.2d 258. In other words, "the general rule regarding instructions to the jury has two aspects: (1) the instruction must correctly state the law, and (2) that law must be applicable in light of the evidence before the jury." *Sergeant*, 285 Md. at 194, 401 A.2d 651; *Wegad*, 326 Md. at 414, 605 A.2d 123; *see also Odenton Dev. v. Lamy*, 320 Md. 33, 43, 575 A.2d 1235 (1990); *E.G. Rock, Inc. v. Danly*, 98 Md.App. 411, 421, 633 A.2d 485 (1993); *Kessler v. Equity Mgmt., Inc.*, 82 Md.App. 577, 593, 572 A.2d 1144 (1990).

---

1. We note that the court reporter was unable to transcribe the objection that is at the crux of the case *sub judice* in its entirety. Such omission will not, however, preclude our resolution of this matter on its merits.

"While it is usually more helpful to a jury to have instructions which take into account the factual contentions of the parties, such a charge is not required, and one in general terms may be given." *Belleson v. Klohr,* 257 Md. 642, 654, 264 A.2d 274 (1970) (citation omitted). Indeed, Maryland Rule 2–520(c) does not require the court to "grant a requested instruction if that matter is fairly covered by instructions actually given." Accordingly, the "[r]efusal to give an instruction applicable to the issues, when it is not covered by other instructions, is a ground for reversal ... if the error in refusing the instruction was material and prejudiced the complaining party." *Singleton v. Roman,* 195 Md. 241, 248–49, 72 A.2d 705 (1950).

Appellee asserts, however, that this issue has not been preserved for our review because appellant neglected to request any instructions governing the conduct of motorists at intersections prior to the court's charge to the jury. Notably, appellee does not contend that appellant's exception following the instructions was insufficient to preserve the issue. While we agree that it would have been prudent for appellant to have made a request for the instructions she desired, appellee misreads Rule 2–520(e). That subsection of the Rule reads, in pertinent part:

> No party may assign as error the giving or the failure to give an instruction unless the party objects on the record promptly after the court instructs the jury....

Simply stated, it is the objection made after the court instructs the jury that preserves the issue for our review, not the failure to request an instruction prior to the charge. *See Fairfax Savings v. Ellerin,* 94 Md.App. 685, 696, 619 A.2d 141 (1993), *aff'd in part and vacated in part,* 337 Md. 216, 652 A.2d 1117 (1995); *Edmonds v. Murphy,* 83 Md.App. 133, 573 A.2d 853 (1990), *aff'd,* 325 Md. 342, 601 A.2d 102 (1992). Thus, if appellant had requested such an instruction but then failed to object when the court omitted it from its charge, the issue would have been waived. *Sergeant Co. v. Pickett,* 283 Md. 284, 288, 388 A.2d 543 (1978) (stating that the purpose of

requiring an objection following the instructions is to enable the trial court to correct any error or omission in the charge).

Appellant contends that the circuit court erred when it instructed the jury:

> By only reading [§ 21–402 [2]] at the conclusion of the evidence, Judge Duckett essentially told the jury that Maryland law gave [appellee] the right-of-way under all circumstances to proceed through the intersection. In so doing, he directed a verdict against [appellant]. As counsel for [appellant] argued, Judge Duckett need only have added one or two sentences to the instruction so that the jurors understood that [appellee], not [appellant], had an obligation to yield the right-of-way if [appellant] entered the intersection, as she testified, under a green arrow signal. Such an instruction would have allowed the jurors to evaluate the evidence in the proper legal context. Instead, they were provided with an incomplete and misleading picture of Maryland law as it applies to intersectional collisions.

Citing § 21–202(d), appellant argues further that, if she indeed made her left turn under a green arrow, as she so testified, then it was appellee, and not appellant, who was under a duty to yield the right-of-way. Appellant is not arguing that the instructions given by the circuit court were themselves wrong. The thrust of appellant's argument is that an additional instruction—one covering the possibility that she entered the intersection under a green arrow and appellee failed to yield the right-of-way—should have been given as well. We agree.

In a nutshell, appellant's theory of the case appears to have been that she entered the intersection under a green arrow and, from that fact, it is reasonable to infer that eastbound traffic, including appellee, was faced with a red light, enabling the traffic turning left to proceed safely. In such a circumstance, appellant had the right to proceed with her left-hand turn so long as she entered the intersection cautiously, § 21–

---

2. All statutory references are to the Transportation Article of the Maryland Code (1977, 1992 Repl.Vol., 1995 Cum.Supp.).

202(d), and, once there, other traffic was required to yield to her. Section 21–201(a) requires the driver of any vehicle to "obey the instructions of any traffic control device." In support of her position, appellant testified that, upon initially reaching the intersection, she stopped for a red light, waited for the green left-turn arrow, and, once it appeared, she proceeded with her turn. Appellant did not offer any testimony, other witnesses, or evidence indicating that appellee was faced with a red light. Both parties left it to the jury to infer that the other had proceeded unlawfully.

As appellant correctly points out, if a driver is faced with a traffic signal indicating that he or she has the right-of-way, such as a green arrow, that driver is not obligated to anticipate that another will enter the intersection. *Miller v. Montgomery County*, 64 Md.App. 202, 216, 494 A.2d 761 (citing *Baltimore Transit Co. v. Presberry*, 233 Md. 303, 306, 196 A.2d 717 (1964)), *cert. denied*, 304 Md. 299, 498 A.2d 1185 (1985). More specifically, while a driver turning left pursuant to a solid green light must yield to another vehicle lawfully within the intersection, he is entitled to rely upon the assumption that a driver facing a red signal will not unlawfully enter the intersection. *Haraszti v. Klarman*, 277 Md. 234, 252, 352 A.2d 833 (1976); *Clemons v. E. & O. Bullock, Inc.*, 250 Md. 586, 594–95, 244 A.2d 240 (1968) (quoting *Eastern Contractors, Inc. v. State ex rel. Seifert*, 225 Md. 112, 120–21, 169 A.2d 430 (1961)). Nonetheless, the driver

> cannot continue to rely upon [that] assumption after he discovers, or by the exercise of reasonable care should have discovered, that [another] driver does not intend to yield the right of way, and, if after such discovery or failure to exercise reasonable care to make the discovery, the privileged driver continues to pursue his course without exercising reasonable care for the safety of others, he may be held liable notwithstanding his right of way.

*Ghirardello v. Malina*, 238 Md. 498, 507, 209 A.2d 564 (1965); *Haraszti*, 277 Md. at 251, 352 A.2d 833. This apparent

dichotomy is borne out by § 21–202(d)–(e), the sections to which appellant directs our attention:

(d) *Entering intersection on green arrow.*—Vehicular traffic facing a green arrow signal, whether shown alone or with another indication, cautiously may enter the intersection, but only to make the movement indicated by the arrow or to make another movement permitted by other indications shown at the same time.

(e) *Yielding right-of-way to certain pedestrians.*—Vehicular traffic described under subsection (d) of this section shall yield the right-of-way to any pedestrian lawfully within an adjacent crosswalk and to any other traffic lawfully using the intersection.

These provisions of the Transportation Article govern vehicles and pedestrians when faced with a green arrow. They provide that a driver faced with a green arrow may make the movement so indicated, but must do so cautiously and must yield to other traffic lawfully within the intersection.

At trial, there was a direct conflict in the evidence presented. In the absence of a malfunction, common sense and everyday experience dictates that westbound traffic on Benfield Road would not have a green left-hand turn arrow simultaneous with a full green for the eastbound traffic. Not only would such an occurrence cause a multitude of accidents, but it would make the purpose of the left-hand turn arrow moot; turning under such circumstances would be the same as if the left-turning westbound traffic were doing so under a full green light. If the traffic signal controlling westbound traffic presented appellant with a green left-hand turn arrow, she had every reason to believe that the signals controlling eastbound traffic on Benfield Road and in both directions on Veteran's Highway would be red to allow her to proceed safely with her turn. *Miller,* 64 Md.App. at 216, 494 A.2d 761.

Section 21–402(a), which the court used in its instructions, reads:

(a) *Turning left.*—If the driver of a vehicle intends to turn to the left in an intersection . . . the driver shall yield

the right-of-way to any other vehicle that is approaching from the opposite direction and is in the intersection or so near to it as to be an immediate danger.

If both parties were proceeding under a full green light in their respective directions, it would have been sufficient for this to have been the only instruction given. *Myers v. Bright,* 327 Md. 395, 609 A.2d 1182 (1992); *Bennett v. Bass,* 248 Md. 260, 235 A.2d 715 (1967). In the case *sub judice,* however, by only referring to this section in its charge, the circuit court failed to put before the jury the statutory right-of-way accorded to drivers turning under a green arrow.

### Conclusion

The underlying controlling factor in this case was which of the parties was lawfully within the intersection. Sections 21–202(d)–(e) govern appellant's theory of the case, there was evidence in support of that theory, and, if that evidence was believed, it could lead a jury to the conclusion that appellant was lawfully within the intersection. The denial of this instruction precluded the jury from considering appellant's theory of the case. It is uncontested that it is a correct statement of the law. Indeed, appellee concedes that, if such an instruction had been given, it would not have been in error. We hold, therefore, that when a conflict in the evidence exists as to which party was favored by a traffic control device, the position of each party must be reflected in the court's charge to the jury. Failure to include a complete instruction, when the failure is brought to the attention of the trial court by postcharge objection, exception, or request for a complete charge, constitutes error. The trial court's failure to offer such an instruction in the case *sub judice* materially prejudiced appellant's case. We shall, accordingly vacate the judgment and remand this case to the circuit court for a new trial.

**JUDGMENT VACATED; CASE REMANDED TO THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY FOR A NEW TRIAL; COSTS TO BE PAID BY APPELLEE.**