[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO SET ASIDE VERDICT
This case involved a motor vehicle collision which took place at the intersection of Backus Avenue and an on-ramp to Interstate 84 in Danbury.
The plaintiff sued the defendant claiming that he wrongfully turned left at said intersection and into the path of the plaintiff, whose vehicle then struck the defendant's vehicle broadside.
The intersection was governed by a State of Connecticut Department of Transportation (CDOT) traffic control signal.
Immediately prior to trial, the plaintiff moved the court to preclude the testimony of a CDOT employee concerning the traffic control signal — including its location, schematics and display features. The court granted the motion for the reason that it constituted expert testimony and that it had not been properly disclosed to the plaintiff pursuant to § 13-4 of the Practice Book.
Consequently, the only testimony concerning the traffic control signal and its features came from the parties themselves.
Prior to the commencement of the evidence, the plaintiff also moved the court to preclude the expert testimony of Dr. Richard Coopersmith, offered in the form of two written reports.
After hearing argument, the court denied the plaintiff's motion to preclude Dr. Coopersmith's written reports, and they were submitted to the jury as part of the collection of medical records offered by the plaintiff, and marked by the court as Plaintiff's Exhibits 26 and 27.
The case was then tried to a jury of six, and a verdict for the defendant was returned.
The plaintiff has now moved the court to set aside the verdict for two reasons:
(1) The court's failure to preclude Dr. Coopersmith's medical report concerning the plaintiff pursuant to Connecticut Practice Book § 13-4.
(2) The court's failure to charge the jury on Connecticut General Statute § 14-242 pursuant to the complaint, case law and request to charge provided by the plaintiff. CT Page 368
1. As to the court's failure to preclude Dr. Coopersmith's report:
The basis for the plaintiff's argument against the admission of Dr. Coopersmith's reports as Plaintiff's Exhibits 26 and 27 is the failure by the defendant to disclose Dr. Coopersmith as a defendant's expert witness pursuant to Connecticut Practice Book § 13-4.
The defendant did not include Dr. Coopersmith on his list of experts prior to the start of trial. Normally, that fact alone might be a sufficient reason to keep such reports out.
What makes this case unique, however, is the fact that here theplaintiff requested and obtained the reports in question from Dr. Coopersmith well before trial. The plaintiff included the reports in her compilation of medical reports and records, which subsequently became marked as Plaintiff's Exhibits 26 and 27.
Counsel for the plaintiff, for his own reasons, elected, immediately prior to trial, not to submit those reports as exhibits in the plaintiff's case-in-chief, and he was under the belief that said medical report wouldnot be included as part of Plaintiff's Exhibits 26 and 27.
The defendant was under the belief that the reports were to be included as part of the medical records exhibit and objected to their removal on the eve of trial. The court agreed with the defendant and ordered that the reports remain a part of Plaintiff's Exhibits 26 and 27.
It is important to note that the plaintiff's objection was not to the records' admissibility, per se, as they did meet the requirements of § 52-174 (b) of the Connecticut General Statutes.
Her objection was that those two records should have been precluded as a sanction under Connecticut Practice Book § 13-14 as a result of the defendant's failure to comply with the practice rules governing disclosure of expert witnesses.
While that claim is technically correct, under the circumstances surrounding the production and proffer of those reports, the court finds the plaintiff's objections to be somewhat spurious.
Section 13-14 of the Practice Book is designed to prevent surprise or ambush when it comes to discoverable evidence. The sanction of keeping otherwise competent and relevant evidence out of a trial is a drastic sanction, but it is often necessary to prevent unfair advantage or serious prejudice to an opposing party. CT Page 369
Having considered the unrefuted facts in this case, the court concluded that the plaintiff was well aware of the contents of the reports in question and she cannot claim surprise or prejudice.
The defendant, on the other hand, was proceeding under the belief that those reports would remain a part of the medical record and he had to oppose the attempt by the plaintiff to redact those reports from the medical record on the eve of trial.
It should also be noted that the jury was charged that they were not to proceed to deliberate the issue of damages if they found the issue of liability in favor of the defendant.
As noted, the jury returned a defendant's verdict. The issue of damages and the exhibits related to the plaintiff's alleged injuries was not a proper subject for review by the jury.
For each of the reasons set forth above, the inclusion of Dr. Coopersmith's reports as full exhibits was not error and is not a proper reason to set aside the verdict.
2. As to court's failure to charge on § 14-242 (e) of the ConnecticutGeneral Statutes:
The evidence adduced at trial permitted the jury to find that the defendant's vehicle had a green arrow signal as it approached the intersection.
When a driver enters an intersection with a traffic control signal displaying a lit green arrow, he or she has certain rights and expectations which he or she would not have if the traffic signal was a green ball — or if the intersection had no traffic control at all.
A green arrow permits a driver to enjoy an exclusive right-of-way over oncoming vehicles — with the exception of other vehicles lawfully in said intersection, so long as the green arrow remains on.
A green ball — or the absence of any traffic control signal — tells a driver that approaching drivers have an equal right to proceed through such intersection, and that neither driver can expect deference from the other.
That is the critical difference between a green arrow and a green ball or an uncontrolled intersection. CT Page 370
Whether such driver realizes it or not, that expectation has its derivation in black letter law — in this case, § 14-299 (b)(4) of the Connecticut General Statutes, which the court included in the jury charge in this case.
The plaintiff did not take exception to that charge. The plaintiff did, however, request that the court charge as to an additional statute — § 14-242 (e) of the Connecticut General Statutes which relates to situations where there is no traffic control signal governing an intersection. The plaintiff took exception to the court's failure to so charge and has now moved the court to set aside the verdict for that same reason.
While there appear to be few, if any, cases directly on point in Connecticut, the defendant provided the court with a Maryland case that specifically addresses the issue. If a driver is faced with a traffic signal indicating that he or she has the right-of-way, such as a green arrow, that driver is not obligated to anticipate that another will enter the intersection. Kelbaugh v. Mills, 671 A.2d 41, 45 (Md.App. 1996).
To charge on § 14-242 (e) of the Connecticut General Statutes, the statute regarding intersections with no traffic control signal, would not only be incorrect as to the facts, but it could also cause the jurors to be confused as to the rights and expectations of a driver proceeding with the benefit of a green arrow.
Whether the green arrow was on at the time the defendant proceeded through the intersection is an entirely different issue — one for the jury to determine after weighing the evidence and testimony.
Having made the finding set forth herein above, the motion to set aside the verdict is hereby denied.
Doherty, J.